## In re VASSAR FOUNDRY CO.

(District Court, E. D. Michigan, N. D. October 13, 1923.)

No. 1288.

**1. Bankruptcy ⊜⇒43—Dissolved corporation may not become voluntary bankrupt.**

A Michigan corporation which has been dissolved by decree of court in voluntary proceedings pursuant to Comp. Laws Mich. 1915, § 13566, which provides that on entry of such decree the corporation "shall thereupon be dissolved and shall cease," *held* without power to thereafter become a voluntary bankrupt under Bankruptcy Act, § 4a (Comp. St. § 9588).

**2. Bankruptcy ⊜⇒43—Only existing corporation can file voluntary petition.**

Filing by a corporation of a voluntary petition in bankruptcy is a corporate act which can be performed only by an existing corporation.

**3. Bankruptcy ⊜⇒43—Power of directors of corporation to file voluntary petition depends on laws of state.**

The power of directors of a corporation to file a voluntary petition depends on the laws of the state under which it is organized.

**4. Corporations ⊜⇒618—Statute held not to extend life of corporation after voluntary dissolution.**

Comp. Laws Mich. Supp. 1922, § 9053, subd. 32, continuing for three years corporations whose charters expire or be forfeited, for certain purposes, as construed by the Supreme Court of the state, does not apply to a corporation dissolved by decree of court in voluntary proceedings.

**5. Bankruptcy ⊜⇒9(2)—State statutes not in conflict with Bankruptcy Act not suspended.**

Only state statutes in conflict with the Bankruptcy Act (Comp. St. §§ 9585–9656) are suspended or affected by that act.

**6. Bankruptcy ⊜⇒51—Creditors may oppose voluntary petition where court is without jurisdiction.**

Creditors may move to set aside an adjudication of a corporation on its voluntary petition on the ground that the court was without jurisdiction because the corporation had previously been dissolved.

In Bankruptcy. In the matter of the Vassar Foundry Company, adjudicated bankrupt. On petition by stockholders and creditors to set aside adjudication. Petition granted.

Walter M. Nelson, Fred A. Lehmann, William J. Lehmann, and Mark L. Rowley, all of Detroit, Mich., for petitioners.

Max Kahn, of Detroit, Mich., for bankrupt.

Paul R. Dailey, of Detroit, Mich., for certain creditors of bankrupt.

TUTTLE, District Judge. This is a petition filed by certain stockholders and creditors of the alleged bankrupt corporation to vacate the order of adjudication herein and to dismiss the voluntary petition in bankruptcy on which such order was made. The petition to dismiss is based on the asserted ground that by certain statutory dissolution proceedings in the Michigan courts the so-called bankrupt corporation ceased to exist before the time of the filing of said bankruptcy petition, and that therefore at that time such corporation was not a legal entity which could petition to be adjudged a bankrupt by this court and be so adjudicated on such petition.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Under the undisputed facts the meritorious question presented is whether, after the entry of a decree of dissolution of a Michigan corporation in voluntary dissolution proceedings regularly had under the applicable Michigan statutes, such corporation may, more than four months thereafter and on its own petition, be adjudicated a bankrupt under the Bankruptcy Act.

[1] On March 29, 1922, the Vassar Foundry Company, a Michigan corporation, organized for the purpose of manufacturing and selling metal castings, by its directors filed its petition in the circuit court for the county of Tuscola, a Michigan state court of competent jurisdiction, for voluntary dissolution under the appropriate Michigan statutes (sections 13563–13570, inclusive, of the Michigan Compiled Laws of 1915). In said petition it was alleged that the value of the assets of said corporation far exceeded its liabilities. On August 29, 1922, after proper proceedings in compliance with such statutes, said court entered its decree dissolving said corporation in accordance with section 13566 of the said Compiled Laws. That section provides, among other things, that if, after certain preliminary proceedings and a hearing before the court, it shall appear to the court that the corporation in question is insolvent or that for any reason a dissolution thereof will be beneficial to the stockholders and not injurious to the public interest, a decree shall be entered dissolving such corporation and appointing a receiver of its estate and effects, and that such corporation "shall thereupon be dissolved and shall cease." By said decree of dissolution the Detroit Trust Company was appointed as such receiver and has been performing its duties in that capacity. There was no finding by the court, nor claim by any party in said proceedings, that the corporation was insolvent.

On June 30, 1923, a voluntary petition in bankruptcy was filed in this court in the name of, and purporting to be filed on behalf of, said Vassar Foundry Company as a Michigan corporation, by direction of its directors, and on the same day an order of adjudication was entered as of course on such petition. Shortly afterwards the petition to dismiss now under consideration was filed.

[2, 3] It is clear that the filing by a corporation of a voluntary petition in bankruptcy is a corporate act, which can be performed only by an existing corporation. In re Jefferson Casket Co. (D. C.) 182 Fed. 689. Whether the directors of this corporation had the power to file the bankruptcy petition here involved depends upon the laws of Michigan, under whose laws such corporation was organized. In re De Camp Casket Co., 272 Fed. 558 (C. C. A. 6). Under the express provisions of the Michigan statutes already cited, upon the entry of the decree of dissolution by the Tuscola county circuit court, the Vassar Foundry Company was "dissolved" and thereupon "ceased" to exist. It necessarily, therefore, was thereafter without legal power to perform any corporate acts. Hence the bankruptcy petition afterwards filed in its name was not, and could not have been, its petition, and in so far as it purports to be such, it and the order of adjudication based thereon must be treated as nullities, which conferred no jurisdiction on this court to proceed as a court of bankruptcy.

It is true, as already noted, that the dissolution statutes in question provide for the appointment, upon the dissolution of a corporation, of a receiver thereof, who is vested with all the estate, real and personal, of such corporation and becomes trustee thereof for the benefit of its creditors and stockholders and, by the terms of the statute, has "power to continue the business of such corporation for such period, not exceeding one year, as the court shall permit" and may bring and carry on suits "in its own name." This bankruptcy petition, however, was not filed by nor in the name of the receiver appointed by the state court pursuant to this provision, so that it is unnecessary to determine whether such receiver would have had power to file such petition if it had so desired.

[4] It is further urged on behalf of the bankrupt that by section 6 of chapter 4 of part 1 of the General Corporation Act of Michigan, being Act 84 of the Public Acts of 1921 (subdivision 32 of section 9053 of the 1922 Supplement to Michigan Compiled Laws of 1915), the bankrupt continued as a corporation for three years after the decree of dissolution, and therefore had power to file this bankruptcy petition. The provision thus relied on is as follows:

"All corporations whose charters shall expire by their own limitation, or shall be annulled by forfeiture or otherwise, shall nevertheless continue to be bodies corporate, for the further term of three years, for the purpose of prosecuting and defending suits by and against them, and of enabling them gradually to settle and close their affairs, to dispose of and convey their property and divide their capital stock, but not for the purpose of continuing the business for which such corporations were organized."

This contention, however, has already been disposed of, adversely to the position of the bankrupt, by the decision in the case of Jacobs v. E. Bement's Sons, 161 Mich. 415, 126 N. W. 1043, where the Michigan Supreme Court distinctly held that the statutory provision just quoted applies only to the termination of corporate existence by acts or circumstances not dependent upon the voluntary action of a corporation and that the statute has no application to voluntary dissolution proceedings instituted on behalf of a corporation. This decision of the court of last resort of the state of Michigan construing a statute of such state will be accepted and followed by this court and treated as a part of such statute.

[5] The argument is advanced that the Michigan statutes under which the dissolution proceedings were taken is a state insolvency law which is superseded by the Bankruptcy Act and can have no legal force where its effect would be to defeat the jurisdiction of a bankruptcy court. It is, however, now settled that only state statutes in conflict with the Bankruptcy Act are suspended or otherwise affected by that act. Stallwagen v. Clum, 245 U. S. 605, 38 Sup. Ct. 215, 62 L. Ed. 507. The Michigan statutes in question make no provision for the discharge of a debtor from its debts and are not, in any way, in conflict with any of the provisions of the Bankruptcy Act. This contention, therefore, cannot be sustained.

[6] Finally, it is claimed that as creditors are not entitled to oppose a voluntary adjudication in bankruptcy, they cannot move to set aside such an adjudication, and the case of In re Ann Arbor Machine Corp.,

274 Fed. 24 (C. C. A. 6), is cited in support of such contention. That case, however, did not involve any jurisdictional defect, such as is presented in the case at bar, and it is, therefore, in my opinion, not controlling here. Nor do I know of any decision holding that creditors of an alleged bankrupt cannot seek a ·dismissal of bankruptcy proceedings in a court which was without jurisdiction over such proceedings. On the contrary, it has been more than once held that creditors have the right to object, on jurisdictional grounds, to an adjudication in bank· ruptcy. In re Garneau,, 127 Fed. 677, 62 C. C. A. 403 (C. C. A. 7); In re Hargadine-McKittrick Dry Goods Co. (D. C.) 239 Fed. 155; In re Guanacevi Tunnel Co., 201 Fed. 316, 119 C. C. A. 554 (C. C. A. 2).

Furthermore, if petitioners have called the attention of the court to a jurisdictional defect which makes this adjudication a nullity, the court would be bound to consider it even if such petitioners were not strictly entitled as matter of right to complain, as the court is bound to protect its jurisdiction even on its own motion. In re New York Tunnel Co., 166 Fed. 284, 92 C. C. A. 202 (C. C. A. 2); Finn v. Carolina Portland Cement Co., 232 Fed. 815, 147 C. C. A. 9 (C. C. A. 5); In re Garneau, supra; In re Hargadine-McKittrick Dry Goods Co., supra; Remington on Bankruptcy (3d Ed.) vol. 1, § 502 et seq.

Even if, however, the adjudication could not be set aside at the instance of creditors, that would not affect the present petition to dismiss, as stockholders of the bankrupt corporation have joined as petitioners in such petition.

It may be noted that no act of bankruptcy has been charged against the alleged bankrupt, and therefore no question is presented as to the right or power of a corporation which has committed an act of bankruptcy to thereafter defeat or evade the jurisdiction of a court of bankruptcy by dissolving and thus in effect committing suicide.

The petition must be granted and an order entered vacating the order of adjudication and dismissing the petition in bankruptcy herein.