**In re NEW ROCHELLE COAL & LUMBER CO.**

No. 410.

Circuit Court of Appeals, Second Circuit.

June 3, 1935.

Moos, Nathan, Imbrey & Levine, of New York City (S. Howard Imbrey, of New York City, of counsel), for appellant.

Twyeffort & Du Bois, of New York City (Frank H. Twyeffort, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The appellee filed a petition under section 77B (11 USCA § 207) of the Bankruptcy Act seeking a reorganization. No answer was filed by the present appellant. Later a plan for reorganization was proposed by the appellee and approved by the court below. The appellant, a creditor, has appealed. Previous to the filing of the petition, the appellant sued the appellee for its debt of $26,051.63, and before judgment was entered therein, the petition pursuant to section 77B of the Bankruptcy Act (11 USCA § 207) was filed; the debtor setting forth its reasons for desiring to effect a plan of reorganization, and showing its temporary financial embarrassment.

A creditors' committee was appointed in the proceeding, of which one of the counsel for the appellant was a member. This committee prepared a plan of reorganization. It was submitted to each of the creditors and approved by 86 per cent. of the bondholders, 78 per cent. of the unsecured claims, and 61 per cent. of the stockholders. The appellant was an unsecured creditor. Excluding the claim of the appellant, 96 per cent. in amount of the unsecured creditors approved and signed the agreement constituting the plan for reorganization. After the plan was sent to the creditors, appellant mailed to them a statement of its objection to the plan. Of 97 creditors who signed the agreement of reorganization, 72 did so after this communication, and it appears that no creditor withdrew his assent to the plan thereafter.

The plan of reorganization pays in full the expense of reorganization and the claim of each creditor amounting to $25 or less. Its noteholders waived all interest on their notes; all unsecured creditors were given the option to take one-third of the face of their claims in bonds of the appellee at their face value; the interest of all bonds of the appellee was reduced for three years from six to four per cent.; all unsecured creditors were paid the full amount of their claims in six noninterest-bearing notes of the appellee, the first payable September 15, 1935, and the last December 15, 1937. In each note there was a cancellation clause providing that if default were made in the payment of any one, all became immediately due; the largest unsecured creditor is bound to take in discharge pro tanto of its claim at their face value so much of the $50,000 in bonds of the appellee as are not taken by other unsecured creditors. Under the plan, the appellee is given time to pay all its obligations which it was unable to pay as they matured, subject to the condition that if it fails to make any installment payment when due, the whole amount it owes becomes immediately payable.

The appellee is engaged in the general business of buying and selling coal and builders' and masons' supplies and operating a mill for the manufacture of millwork. The record is clear that its assets warrant the conclusion that if given time it could meet its obligations in full. This the plan of reorganization proposed to do by deferred payments.

Appellant's contention is that the appellee is solvent and therefore may not reorganize under this statute, basing its contention upon the theory that section 77B (11 USCA § 207) was enacted under the constitutional authority of Congress to legislate on the subject of bankruptcies and that a solvent company is not within the purview of bankruptcy legislation, and that section 77B abrogates the Fifth Amendment to the Constitution. These contentions were disposed of authoritatively by Continental Illinois Natl. Bank & Trust Co. v. Chicago, Rock Island & Pacific Ry. Co., 294 U. S. 648, 55 S. Ct. 595, 604, 79 L. Ed. ——. Where reference is made in section 77B (11 USCA § 207) to a corporation "unable to meet its debts as they mature," it is obvious that it means something else than merely a condition of bankruptcy or insolvency. An insolvent is "one whose assets, at a fair valuation, are not sufficient to pay his debts. It may be construed to include a debtor who, although unable to pay promptly, may be able to pay if time to do so be sufficiently extended." Continental Illinois National Bank v. Chicago, Rock Island & Pacific Ry. Co., supra; Remington on Bankruptcy, § 3154.67. The act is constitutional. Continental Illinois Natl. Bank v. Chicago, etc., Ry. Co., supra.

The appellant's contention that the plan favored creditors because they had received larger payments on account of their claims than this appellant is without merit.

After a hearing in open court, where all creditors had an opportunity to call to

the court's attention any unfairness or preference in the plan, the learned court duly determined that the petition was filed in good faith. Full opportunity was accorded for presentation of any unfairness in the plan. Moreover, we agree with the court that the plan was equitable and feasible under all the circumstances. The creditors' committee apparently determined that the plan as proposed had a better chance to realize full payment to the creditors of the appellee as a going concern than if the business were liquidated. $50,000 of the current liabilities were to be funded into a bond liability not coming due until 1948, and this made $50,000 more of current assets available to pay current liabilities. The record justifies the belief espoused by the creditors' committee. It was an old-established business with a history of earnings until the period of depression. The losses decreased in 1933, and for the fourth quarter of 1934 there was a net profit of a small sum. Moreover, the business was operated from September 17 to December 1st, the period during which the slight profit was shown, under the supervision of the court pursuant to § 77B (11 USCA § 207). It is argued that the plan is unfair because "there should be some guaranty that by the end of the three years (the creditors would be paid without question)." Nothing in the statute requires such a guaranty in a plan of reorganization. Complaint is made that all the creditors are not treated alike "because the New Rochelle Trust Company is permitted to get the surplus of bonds which the other creditors may not decide to take." This is sufficiently answered by the fact that the creditors could take the bonds if they so elected, and, if not, the trust company has obligated itself to do so. Thus more current assets to the amount of the bonds were provided, and in so doing all creditors are treated alike.

It is argued that the appellee failed to make out its right to reorganization because it failed to offer some proof sustaining the fairness of the plan. The appellant offered no proof or objection to the plan. Counsel engaged in oral argument before the court. The outstanding fact, however, is that the proponents of the plan met all the requirements as to proof by showing the requisite number of creditors, stockholders, and bondholders who consented to the plan.

Section 77B, subd. (e) (1), 11 USCA § 207 (e) (1), states the steps requisite to confirmation of a plan of reorganization. The plan shall not be confirmed until accepted in writing by creditors holding two-thirds in amount of the claims of each class and by stockholders holding a majority of the stock. Subdivision (f), 11 USCA § 207 (f), authorizes the judge to confirm the plan if satisfied that it is fair and equitable and does not discriminate unfairly in favor of any class of creditors or stockholders and is feasible. This plan was in the form of a written agreement between the appellee and its creditors, bondholders, and stockholders. It was complete and informative. There was annexed a list of the names and addresses and holdings of the owners of bonds, of the claims of holders of notes, the names and addresses of all unsecured creditors, a list of executory contracts and leases. It stated that it was prepared by the creditors' committee appointed at a hearing before the court and represented two-thirds in amount of all unsecured creditors as well as the trustee under a deed of trust for the bond issue, and stated in detail the terms of the plan. This was sufficient to warrant the decision below.

Our attention is called to National Surety Co. v. Coriell, 289 U. S. 426, 53 S. Ct. 678, 77 L. Ed. 1300, 88 A. L. R. 1231, where the court, in an equity receivership case, remanded to the District Court for further proceedings the matter of reorganization, and criticized the terms of the organization in equity receivership there provided for. A reorganization under § 77B (11 USCA § 207) is statutory, and where there has been compliance with the terms prescribed in the statute, it is sufficient.

We think here that the determination that the plan was fair, equitable, and feasible was reached only after full opportunity was accorded to creditors to voice their objections or suggest some more equitable terms. When that has been done, the statute has been complied with and the court is authorized to approve the plan.

Order affirmed.