In re FORTY-ONE THIRTY-SIX WILCOX BLDG. CORPORATION.

CHICAGO TITLE & TRUST CO. v. FORTY-ONE THIRTY-SIX WILCOX BLDG. CORPORATION.

Nos. 5765, 5800.

Circuit Court of Appeals, Seventh Circuit.

Nov. 30, 1936.

Rehearing Denied Jan. 7, 1937.

BRIGGLE, District Judge, dissenting.

——————◆——————

Richard H. Hollen and George W. Ott, both of Chicago, Ill., for appellant.

Joseph Z. Willner and Joseph J. Karlin, both of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

Appellee, a building corporation, on June 13, 1935, filed its petition for corporate reorganization under sections 77A and 77B of the Bankruptcy Act, as amended (11 U.S. C.A. §§ 206, 207), and its petition praying that the receiver in a foreclosure proceedings in the state court be ·directed to deliver possession of all property in the receiver's possession to the United States District Court. Appellant, as successor trustee and plaintiff in the foreclosure proceedings, was permitted by the District Court to file its answer to the petition, which, with the answer, was referred to a master, who found and concluded that appellee was a corporation· within that word as used in the bankruptcy act; that its property had been sold by decree of the circuit court of Cook county on July 19, 1931, but that the certificate of sale had been purchased and is now the property of appellee; that appellant is not a creditor within the class permitted by the Bankruptcy Act to question good faith; that appellee's petition for reorganization was properly filed in good faith; that, the court's jurisdiction being paramount, the proceedings in the state court should be stayed until the further order of the court. Appellant's exceptions were overruled. The court approved the petition as being properly filed in good faith, appointed a temporary trustee, directed all parties to deliver possession of the property to the trustee, and restrained appellant from further prosecuting its foreclosure proceedings, pending reorganization. From this order this appeal was taken.

Appellee was organized under the laws of the state of Illinois on April 10, 1929, to acquire and operate the premises, which were thereupon conveyed to the corporation by the then owner, one Gurevitz, subject to the mortgage of $95,000, made to the Madison & Kedzie State Bank as trustee (which present appellant has succeeded as successor trustee). On December 26, 1929, appellee executed a second mortgage, securing $15,- ·000, to appellant as trustee. On May 4, 1931, upon a proceedings instituted by the state prior thereto, the circuit court of Cook county entered a decree, forfeiting the charter of appellee for failure to file annual reports and to pay license fees and franchise taxes and decreed its dissolution, but took no steps to distribute its property.

On July 10, 1931, a decree was entered by the circuit court of Cook county against appellee, foreclosing two mechanic liens, and the premises were sold, in satisfaction of the decree, to the lienholders, the certificate of sale having been issued to them August 5, 1931. Thereafter, on May 7, 1935, the then holders of the certificates assigned the same to one Willens, who, on May 4, 1935, assigned them to appellee.

On October 24, 1931, the trustee under the first mortgage filed foreclosure proceedings in the superior court of Cook county. A receiver was appointed. On November 10, 1931, suit was brought to foreclose the lien of the junior mortgage, and the receivership created under the first mortgage foreclosure was extended to include the second. Appellee was party to each of these suits.

Appellant contends that, by virtue of the forfeiture of its charter as aforesaid, appellee lost its legal existence and was thereafter without right to institute action seeking reorganization under the Bankruptcy Act. Sections 14, 79, chapter 32, of the 1919 Corporation Act of the state of Illinois (Laws 1919, pp. 320, 334, see Smith-Hurd Ill.Stats. c. 32, § 157.94 note), provide for forfeiture of a corporate charter for failure to make annual reports. The act provides two years of grace for liquidation of the

affairs of the corporation, in actions instituted either by itself or by its creditors. This two-year period had expired when the petition for reorganization was filed. Appellant admits paramount jurisdiction in the court of bankruptcy in liquidation or reorganization of insolvent estates, in any manner provided by the Federal Bankruptcy Act, but argues that, after the two-year period of grace provided by the Illinois Statute, a corporation has no legal existence and, being without life, cannot thereafter invoke federal jurisdiction, and that to permit such action to be maintained would be unconstitutional as failing to give full faith and credit to the decree of forfeiture. It admits that, within that period, creditors may invoke the federal jurisdiction, thus superseding all other proceedings in state or federal courts having to do with the liquidation of debtor's assets, but insists that, after the two-year period has expired, a corporation may not inaugurate such proceedings by a voluntary petition.

In the case of In re 211 East Delaware Place Building Corporation, 76 F.(2d) 834, 836, this court had to do with a situation where the receiver in the state court, under pending foreclosure proceedings, objected to the jurisdiction of the federal court to approve a petition under section 77B by a building corporation which had been dissolved by decree of the state court because of noncompliance with the state corporation laws, entered more than two months prior to the filing of the bankruptcy proceedings. We then said:

"It by no means follows that the bondholders could not treat the corporation as an entity subject to adjudication under the Bankruptcy Act or under sections 77A and 77B of said act [11 U.S.C.A. §§ 206, 207]. That a corporation, thus dissolved, exists for certain purposes, Smith-Hurd Rev.St.Ill. 1931, c. 32, §§ 14, 79, Cahill's Rev.St.Ill.1931, c. 32, pars. 14, 79, one of which is to have its estate administered in a court of bankruptcy is the holding of the courts that have passed on this question."

Proceeding, the court remarked that there was no reason why the rule which applies under the general bankruptcy act should not apply under sections 77A and 77B, saying:

"It seems [there are] stronger reasons for extending to such unfortunate bondholders all the protection which may fairly and legitimately be extended to creditors under sections 77A and 77B."

True it is that in that case the proceedings had been instituted by three creditors. But, as appears in Re 211 East Delaware Place Building Corporation, 14 F.Supp. 96, 98, where Judge Evans sat in the District Court, "the debtor, together with all of the stockholders joining, filed an answer admitting the allegations of the complaint and setting forth facts which disclosed acts of bankruptcy other than the one set forth in the petition. It admitted insolvency and inability to pay its debts—facts, the proof of which the record is most replete." It was there held that in view of this fact the proceedings were, to all intent and purposes, voluntary in character. Consequently it is the settled law of this court that the corporation, thus dissolved, exists for the purpose of having "its estate administered in a court of bankruptcy" in a proceedings "to all intents and purposes, voluntary in character."

The Circuit Court of Appeals for the Second Circuit, in the case of In re Munger Vehicle Tire Co., 159 F. 901, held that a corporation, previously declared dissolved under the state law, had the legal right and power to appear by attorney in a bankruptcy action instituted by creditors. The basis for this decision and that of other courts to similar purport is that Congress did not intend to leave the affairs of dissolved, unliquidated corporations to the state courts, but intended to include them within the meaning of the word corporations, as used in the act.

Here the debtor was still a defendant in the state court proceedings. Those proceedings had to do with the liquidation of the only assets—the building and the real estate on which it is located. There was nothing else to which creditors might have recourse, and any final liquidation of those assets, consequently, would effect a final disposition of all the rights of all creditors, who would, thereafter, have no recourse upon their claims. Thus, in effect and for all practical purposes, the proceedings to which the debtor was a party, had to do with the liquidation of the assets of an insolvent corporation—one which was unable to pay its debts as they matured.

Remembering that under the Constitution the national government, through its judiciary, pursuant to acts of Congress, has exclusive and paramount jurisdiction of the estates of insolvent persons, it follows that nothing done by a state court may curtail, limit, impede, or defeat that jurisdiction. Jurisdiction in bankruptcy under the Federal

Constitution comes into existence, we take it, simultaneously with the coming into existence of insolvency of the debtor. Over his acts, in marshaling and liquidating his assets, in disposing of his property, the bankruptcy power promptly extends its arms. Consequently, though a corporation may be a creature of a state, that state having created it and given it the right to exist and to make debts, charged with knowledge of this bankruptcy power, may not so frame its laws as to bring about a situation where the jurisdiction of the federal courts to administer an insolvent estate is defeated. Having given the corporation existence, it may not take away this life to defeat the working of the bankruptcy law. Until its estate has been administered, liquidated, composed, or reorganized in compliance with the Bankruptcy Act, the jurisdiction of the bankruptcy court continues.

And to say that only creditors may invoke that jurisdiction, it seems to us, would cramp unnecessarily and unreasonably the jurisdiction of the federal courts over insolvent estates. We can conceive of no good reason why a debtor corporation, struggling with foreclosure of three classes of secured claims, still in existence for the purpose of liquidation of its assets in those proceedings, may not institute proceedings under the Bankruptcy Act, and, incidentally, perform such acts as are necessary to preserve its property rights for itself and its creditors, until that court's administration can be made effective. For this reason we believe that the debtor had a right to select its forum for the liquidation of its assets and to buy the certificates of sale under the first foreclosure in order to preserve its property rights for its creditors and to enable effective bankruptcy administration to be had.

Nor do we consider this, in any wise, an unconstitutional exercise of the bankruptcy power. To be sure, the decree of the state court forfeiting the charter of the debtor was a final unimpeachable decree, subject, however, to a limitation, that is, the paramount authority under the Federal Constitution to liquidate the debts of the corporation so long as such debts and the assets exist. In other words, as we have pointed out, state court authority to annul an insolvent corporation's existence, is subject to the paramount authority on the part of the bankruptcy court to take such steps regarding the debtor and its affairs as will effectuate the bankruptcy power. Consequently, the District Court had the power to entertain the petition of the debtor and to restrain pending suits interfering with its administration and the accomplishment of the purposes of its jurisdiction.

Appellant complains of the finding that the petition was filed in good faith. The court overruled the exceptions to the findings and approved the master's report, and we cannot see, upon examination of the record, that the facts did not exist justifying the action of the court.

The orders are affirmed.

BRIGGLE, District Judge, dissents.