### OLD FORT IMPROVEMENT CO. v. LEA et al.

### No. 4107.

Circuit Court of Appeals, Fourth Circuit.
April 6, 1937.

L. E. Purdy, of Sumter, S. C., and R. C. Horne, Jr., of Washington, D. C., for appellant.

William J. Thomas, of Beaufort, S. C. (Thomas & Thomas, of Beaufort, S. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

The question to be decided in this case is whether the Old Fort Improvement Company, a South Carolina corporation, was entitled in 1936 to file a petition for reorganization under section 77B of the Bankruptcy Act, as amended, 11 U.S.C.A. § 207, although a receiver had been appointed for the corporation by a court of the state in 1927 and the receivership was still pending when the petition for reorganization was filed, and although the charter of the corporation had been canceled in 1934 in conformity with the provisions of section 7704 of the South Carolina Code of 1932.

On August 5, 1927, the corporation was placed in the hands of a receiver by order of the court of common pleas of Beaufort county, South Carolina, and was still in its charge when the pending proceeding in the District Court was instituted. On November 10, 1934, the charter of the corporation was canceled by the Secretary of State for South Carolina as required by the state law on account of the failure of the company to pay certain license taxes. On May 28, 1936, the petition under section 77B was filed in the name of the corporation by an attorney alleging that the assets of the corporation consisted of land worth approximately $20,000, and that its liabilities, consisting of taxes, liens, and fees due the receiver, approximated $1,-500; that it had no money or revenue, and was unable to meet its debts as they ma-

tured; that the state court had passed an order in the receivership that the property be advertised and sold at public auction for a sum not less than $5,500 and the proceeds of the sale distributed; that such a sale, on account of prevailing economic conditions, would result in a sacrifice of the property and great loss to the stockholders; and that the officers of the corporation had in contemplation a plan of reorganization under section 77B of the National Bankruptcy Act which would be submitted to the court for its approval in due course. It was therefore prayed that the court assume jurisdiction of the matter, appoint a trustee to take charge of the property, enjoin the receiver in the state court from proceeding with the proposed sale, and pass upon and approve the plan of reorganization. The court, being of the opinion that the corporation at the time of the filing of the petition was not such a corporate entity as was entitled to file a petition in bankruptcy or a petition for reorganization under section 77B, dismissed the petition.

In Hammond v. Lyon Realty Co., 59 F.(2d) 592, this court considered at some length the jurisdiction of the federal court in bankruptcy over an insolvent corporation after its dissolution under the law of Maryland. It was held that the dissolution of the corporation, which completely extinguished its life, did not deprive the federal court of jurisdiction in bankruptcy proceedings since all state laws relating to insolvency, to the extent that they hamper or restrict the proper operation of the national bankruptcy law, are superseded thereby. This decision has been followed elsewhere. In re Thomas, 78 F.(2d) 602 (C.C.A.6); In re 211 East Delaware Place Bldg. Corp., 76 F.(2d) 834 (C.C.A.7); Remington on Bankruptcy (4th Ed.) § 100. Prior to these decisions, it had been held in Re Vassar Foundry Co. (D.C.) 293 F. 248; Vassar Foundry Co. v. Whiting Corp., 2 F.(2d) 240 (C.C.A.6), that the federal court will accept the decision of the state court that no suit can be maintained against a corporation which has been dissolved under a state statute; and that accordingly, such a corporation, at least if it is solvent, cannot be placed in voluntary bankruptcy. It was decided that it was. too late ten months after the dissolution of a solvent corporation, if the right ever existed, for the dissolved corporation and the petitioning creditors to go into the federal court and secure an

288

adjudication in bankruptcy. The distinguishing features of this case were pointed out in a later case in the same circuit, In re Thomas, supra, in which the court refused to dismiss a petition in bankruptcy against a dissolved corporation and held that its former decision did not leave the door open for an insolvent corporation to escape bankruptcy.

This line of authority seems to establish the proposition that irrespective of section 77B a corporation dissolved under the state law, which is insolvent in the statutory sense, 11 U.S.C.A. § 1(15), that its assets at a fair value are not sufficient to pay its liabilities, may be thrown into bankruptcy in the federal court, although some question may be raised, as was pointed out in the case of the Vassar Foundry Company, whether the lapse of time between the dissolution of the corporation and the institution of bankruptcy proceedings should be taken into consideration. In this state of the law section 77B was enacted. It was first held constitutional by this court in Campbell v. Alleghany Corp., 75 F.(2d) 947, certiorari denied 296 U.S. 581, 56 S.Ct. 92, 80 L.Ed. 411, and later by the Second Circuit in Re New Rochelle Coal & Lumber Co., 77 F.(2d) 881; see, also, Continental Illinois Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L. Ed. 1110. As Judge Parker pointed out in the case of the Alleghany Corporation, the new section is a valid exercise of constitutional power to establish uniform laws on the subject of bankruptcy throughout the nation adapted to conditions presented by modern industrial organization; subdivision (a) 11 U.S.C.A. § 207(a), permits reorganization proceedings with regard to a corporation not insolvent in the statutory sense but unable to pay its debts as they mature; and subdivision (c) (8), 11 U.S. C.A. § 207(c) (8), provides that if the effort to reorganize a corporation fails, the court may proceed to liquidate the business.

The Supreme Court in Duparquet Huot & Moneuse Co. v. Evans, 297 U.S. 216, 56 S.Ct. 412, 80 L.Ed. 591, and Tuttle v. Harris, 297 U.S. 225, 56 S.Ct. 416, 80 L.Ed. 654, analyzed the section and held that under subdivision (a), 11 U.S.C.A. § 207(a), any corporation, with certain immaterial exceptions, may file a petition for reorganization stating that it is insolvent or presently unable to meet maturing obligations; and creditors also may file a petition for reorganization stating that the corporation is insolvent or unable to meet its maturing obligations and if a prior proceeding in bankruptcy or equity receivership is not pending, that it has committed an act of bankruptcy within four months; and that under subdivision (i), 11 U.S. C.A. § 207(i), if a receiver or trustee of all or any part of its property has been appointed by a federal or state court, a petition for reorganization may be filed at any time thereafter by the corporation or its creditors. It was decided, however, that the equity receivership intended by the statute was not a receivership for collection of rents in a mortgage foreclosure suit, but a receivership whereby the assets of the corporation were committed to the custody of the court until they could be returned to the rehabilitated corporation or divided among the creditors.

The scope of section 77B is broader than was the act prior to the amendment, in that it covers not only corporations, which are insolvent, but also those which are merely unable to meet their maturing obligations; and the question arises whether the new section may be interpreted to apply to a dissolved corporation which is insolvent in either sense of the word. The question was decided in the affirmative, so far as an insolvent corporation is concerned, in the case of In re 211 East Delaware Place Bldg. Corp. (D.C.) 7 F.Supp. 892, affirmed on appeal (C.C.A.) 76 F.(2d) 834, where it was held that a petition to reorganize under section 77B might be filed by a corporation although a receiver for it had been appointed by the state court in a proceeding to foreclose a mortgage covering its entire property, and it had been subsequently dissolved by order of the state court for failure to pay its franchise tax. In the subsequent reorganization proceedings it was held, (D.C.) 14 F. Supp. 96, that notwithstanding the decision in Duparquet, Huot & Moneuse Co. v. Evans, supra, the bankruptcy court had jurisdiction under section 77B because the corporation was totally insolvent and all of its property had been put into the hands of a receiver in the state court. Proceedings for reorganization of dissolved corporations were also sustained in Capital Endowment Co. v. Kroeger (C.C.A.) 86 F.(2d) 976, and In re Forty-One Thirty-Six Wilcox Bldg. Corp. (C.C.A.) 86 F. (2d) 667. See, also, Gerdes on Corporate Reorganization, vol. 1, § 54, pp. 167, 168; Remington on Bankruptcy (4th Ed.) 1936 Supp. § 100; Tondel Jr., Corporations Eligible for Relief under section 77B, 21

Minn.Law Review, 144, 159, January, 1937; Bird, Financial Associations under section 77B, 15 Texas Law Review, 65, 77, December, 1936. The only contrary holding, if it may be called such, is In re National Surety Company (D.C.) 7 F.Supp. 959, where it was held that an insurance company which had been dissolved so that its affairs were turned over for settlement to the Superintendent of Insurance of New York, who became vested with all of its property, was not subject for reorganization in the bankruptcy court upon the petition of its creditors. This case may be distinguished on the ground that the National Bankruptcy Act, 11 U.S.C.A. § 22, excludes insurance companies.

We are in accord with these conclusions and are of opinion also that they are applicable to the reorganization under section 77B of dissolved corporations not totally insolvent but merely unable to meet their maturing obligations. It is well known that section 77B was passed at a time of great economic distress in order to relieve corporate debtors (see section 77A, 11 U.S.C.A. § 206), and to enable them to carry on their business after notice to creditors and stockholders and due consideration of their rights; and it should be reasonably construed to carry this purpose into effect, if it can be done with proper regard for state statutes which prescribe the conditions governing the origin and the extinction of the corporate life.

Section 7704 of the South Carolina Code of 1932 provides in substance that whenever any corporation shall fail to pay its capital stock or license taxes within six months after the required time, the charter of the corporation, with all the rights, privileges, and franchises thereunder, shall become and be deemed forfeited, and the corporate existence of the corporation shall be annulled. Any corporations whose charters are canceled under this section "shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established."

Section 7710 provides that upon the dissolution in any manner of a corporation, the directors shall be trustees thereof with power to settle the affairs, to collect the debts, sell and convey the property, and make division among the stockholders. The directors also have power to meet and under regulations made by a majority of them, to prescribe the terms and conditions of sale.

Section 7711 gives the directors, constituted trustees as aforesaid, authority to sue for debts and property, and to be sued for debts owing by the corporation, either in the name of the corporation or in their own names.

It was decided in Hernlen v. Vandiver, 145 S.C. 412, 143 S.E. 222, that under these sections, the directors are vested with title to the corporation's property.

These statutes give rise to the following questions in the pending case: (1) May the dissolved corporation itself, as distinguished from its directors, institute a proceeding for reorganization under section 77B? (2) Does the vesting of title to the corporate property in the directors under the law of the state, prevent the application of the federal statute? (3) May the dissolved corporation be so reorganized as to continue the business for which it was established? (4) Does the lapse of time between the institution of the equity proceeding under the state law and the institution of the reorganization proceeding under the federal statute affect the jurisdiction of the bankruptcy court?

(1) It has been said, under certain conditions, that the filing of a petition in bankruptcy by a corporation is a corporate act which under state statutes can ordinarily be performed only by an existing body. In re Vassar Foundry Co. (D.C.) 293 F. 248, 249; Vassar Foundry Co. v. Whiting Corp. (C.C.A.) 2 F.(2d) 240; In re 211 East Delaware Place Bldg. Corp. (D.C.) 14 F.Supp. 96, 100. But as we have seen, the statutes of South Carolina provide that a corporation of that state, whose charter has been cancelled, shall be continued a body corporate for the purpose of prosecuting and defending suits by or against it, but not for the purpose of continuing the business for which it was established. While the particular form of suit involved in a petition for reorganization under section 77B was not contemplated by the state legislature when these statutes were passed, they may reasonably be construed to authorize a suit for reorganization either by or against the corporation, provided that a new corporation is formed and no attempt is made to revive the dissolved corporation contrary to the provision of the state law. It should

be borne in mind, however, that under the state law the directors of a corporation, upon its dissolution, become its trustees with power to settle its affairs, and it follows that without their authority, a valid petition for reorganization could not be filed in the corporate name. It has been suggested in the pending case that such authority was lacking, a matter which will bear investigation in the further proceedings which must be had in the District Court.

■ (2) We think that the question as to whether the vesting of title to property of the dissolved corporation in the directors under the state law precludes a reorganization under section 77B should be answered in the negative. It is clear that the directors hold the corporate property merely as trustees pending its distribution amongst the interested parties, and this exercise of authority by the state should not interfere with the paramount power of the federal government in bankruptcy. We so held in effect in Hammond v. Lyon Realty Co., supra, where title was vested in receivers appointed by the Maryland court under the provisions of the state law.

■ (3) The record shows that the proposed plan of reorganization in the pending case contemplates the formation of a new corporation to take over the assets and business of the old. Nevertheless it was thought in the court below that since the new corporation was formed merely for the continuation of the business, the arrangement would be offensive to the statutes of the state. In our opinion, this interpretation is unnecessarily strict, for the mandate of the state has been respected in the dissolution of the old corporate body and a new corporation to continue the business can come into existence only in compliance with state authority. It serves no apparent purpose of the state to restrict the scope of the remedies afforded by the federal law even if it is within the power of the state to do so. In this connection, see In re Forty-One Thirty-Six Wilcox Bldg. Corp. (C.C.A.) 86 F.(2d) 667.

■ (4) Nearly nine years elapsed after the appointment of the receiver by the state court and more than eighteen months after the dissolution of the corporation before the institution of the reorganization proceedings in the federal court. In Vassar Foundry Co. v. Whiting Corp. (C.C.A.) 2 F.(2d) 240, the lapse of the period of ten months after dissolution and receivership was listed as one of the reasons for the refusal of the court to assume jurisdiction of a corporation under the Bankruptcy Law then in effect. It has been suggested that a parallel requisite of timely action may be exacted under the reorganization statute or at least that the courts should avail themselves of the condition in subdivision (a) of section 77B, 11 U.S.C.A. § 207(a), that the petition be dismissed if not filed in good faith, to minimize interference with pending receivership or foreclosure proceedings. See 48 Harvard Law Review, 283, 289; 35 Columbia Law Review, 108.

There is substance in the suggestion; and while the state of the record before us does not make it possible for us to pass upon the question of good faith, the District Court may consider it in the subsequent proceedings in the case. But it should be borne in mind that mere lapse of time after the appointment of an equity receiver by a state court will not oust the federal court of its jurisdiction to receive a petition for reorganization under section 77B. Subdivision (i), 11 U.S.C.A. § 207 (i), provides that if a receiver of all or any part of the corporate property has been appointed by a federal, state, or territorial court, either the corporation or its creditors may file a petition for reorganization under subdivision (a) "at any time thereafter." We take it that such a petition is not too late if the equity proceeding is still open and reorganization is still practicable, and that, if these conditions are found to exist, the prior dissolution of the corporation will not be fatal.

The question was discussed in Re Forty-One Thirty-Six Wilcox Bldg. Corp. (C. C.A.) 86 F.(2d) 667, where the point was made that the federal court should not entertain a petition for corporate reorganization and should not interfere with the possession of property in the hands of a receiver appointed by the state court because the corporation had been dissolved and the two year period of grace thereafter allowed by the state law for the liquidation of its affairs had expired. The court said (pages 669, 670):

"Remembering that under the Constitution the national government, through its judiciary, pursuant to acts of Congress, has exclusive and paramount jurisdiction of the estates of insolvent persons, it follows that nothing done by a state court may curtail, limit, impede, or defeat that jurisdiction. Jurisdiction in bankruptcy under the Federal Constitution comes into

existence, we take it, simultaneously with the coming into existence of insolvency of the debtor. Over his acts, in marshaling and liquidating his assets, in disposing of his property, the bankruptcy power promptly extends its arms. Consequently, though a corporation may be a creature of a state, that state having created it and given it the right to exist and to make debts, charged with knowledge of this bankruptcy power, may not so frame its laws as to bring about a situation where the jurisdiction of the federal courts to administer an insolvent estate is defeated. Having given the corporation existence, it may not take away this life to defeat the working of the bankruptcy law. Until its estate has been administered, liquidated, composed, or reorganized in compliance with the Bankruptcy Act, the jurisdiction of the bankruptcy court continues."

The order of the District Court is reversed, and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.