442

## OLD FORT IMPROVEMENT CO. v. LEA et al.

### No. 4232.

Circuit Court of Appeals, Fourth Circuit.

Oct. 1, 1937.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is a petition for an allowance of an appeal under section 24b of the Bankruptcy Act, as amended (11 U.S.C.A. § 47 (b), from an order dismissing a petition for corporate reorganization under section 77B, as amended (11 U.S.C.A. § 207). The case was before us at January term, 1937, on the sole point as to whether a petition for reorganization could be filed for the corporation after its charter had been revoked. 89 F.(2d) 286. We reversed the order on that point, and remanded the case for further proceedings. The District Court then reconsidered the order of dismissal and sustained it on two other grounds adverted to in the original order, but not sufficiently presented for review in the record as brought up on the former appeal. These grounds were that the corporation was not insolvent and that the plan presented by the petition was disapproved as speculative and not in the interest of stockholders and creditors. The court, in entering the last order of dismissal, said:

"No records of the corporation have been produced to sustain the right of R. C. Horne, Jr., to act as director or officer of the corporation in the filing of the petition, or any evidence of his asserted claim as a stockholder. The corporation is not insolvent. The proposed plan of reorganization for the formation of a new corporation, which the decision of the Fourth Circuit holds may be resorted to by a defunct corporation in a proper case, has been held by this court's order to be entirely speculative and of no real benefit to the corporation or its stockholders, and perhaps prejudicial to stockholders and creditors. After full hearing, I find no reason to revise the conclusions reached in said order of dismissal, assuming that the reversal and remand for further proceedings intended that the court should reconsider the petition on these grounds.

"It is therefore ordered that the petition stands dismissed under the order of August 1, 1936, on the grounds therein set out from which there was no appeal."

The assignments of error filed with the petition for appeal make no complaint of the finding as to solvency or as to the disapproval of the petition, but complain that the last order of the District Court does not comply with our mandate, and that there was error in dismissing the petition after the jurisdiction of the court of bankruptcy had attached. We think, however, that the order must be interpreted as a reconsideration of the order of dismissal in the light of our mandate, and that the application for appeal is without merit on the grounds set forth in the assignments of error.

Petition denied.