### MECHLIN et al. v. LEA et al.

### In re OLD FORT IMPROVEMENT CO,
### No. 4363.

Circuit Court of Appeals, Fourth Circuit.
Oct. 7, 1938.

R. C. Horne, Jr., of Washington, D. C. (L. E. Purdy, of Sumter, S. C., and Ernest F. Mechlin, of Washington, D. C., on the brief) for appellants.

W. Brantley Harvey, of Beaufort, S. C., for appellees.

Before NORTHCOTT and SOPER, Circuit Judges, and WAY, District Judge.

PER CURIAM.

A second unsuccessful attempt was made in this case to secure the approval of the District Court to a plan of reorganization of the Old Fort Improvement Company under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Substantially the same plan as that in the present case was presented to the District Court in Old Fort Improvement Company v. Lea, 4 Cir., 89 F.2d 286, in which the petition was filed in the name of the corporation but was dismissed, erroneously as we thought, on the ground that, the charter of the corporation having been cancelled by the Secretary of State of South Carolina, the petitioner was not such a corporate entity as was entitled to file a petition for reorganization under Section 77B.

The case was remanded to the District Court for further proceedings wherein the court again dismissed the petition on the ground that the plan was speculative and of no real benefit to the corporation, its shareholders or creditors. The case then came to this court a second time (4 Cir., 92 F.2d 442) on a petition filed in the name of the corporation for leave to appeal on the ground that the action of the court in dismissing the petition was contrary to our mandate on the first appeal. We concluded, however, that the application for appeal was without merit.

Thereafter, the pending case was instituted by a petition filed by three persons alleging that they were creditors of the corporation and had provable claims amounting in the aggregate to more than $1,000, and resubmitting the plan of reorganization. An answer, purporting to be filed by former officers of the corporation, admitted the allegations of the petition, and prayed that the court proceed to reorganize the corporation. On the other hand, stockholders claiming the ownership of fifty per cent of the corporate stock of the corporation, intervened in the proceeding, with the consent of the court, denied that the petitioners were creditors of the corporation, asserted the solvency of the corporation and resisted the plan of reorganization. The case was duly set for hearing but none of the petitioning creditors appeared and no testimony was offered to support the allegations of the petition other than affidavit sworn and subscribed to by two persons purporting to be former officers of the corporation, who did not take the stand or submit to examination under oath. The District Court

reached the conclusion that the petitioners had no standing as creditors to file the petition for reorganization and that the plan of reorganization was without merit, and therefore passed an order disapproving the plan and dismissing the petition.

We find no error in this order. The status of the petitioners as creditors of the corporation was challenged by the answer of the intervening stockholders and the petitioners offered no proof which the court was obliged to recognize to sustain their allegations. Moreover, there is nothing in the record before us to indicate that the District Judge wrongfully disapproved the plan of reorganization.

The order of the District Court is therefore affirmed.