**In re The HEARK CORPORATION t/a Bi-Rite Fuel Company t/a Bi-Rite Truck Stop, Debtor.**

**Bankruptcy No. 81–11318.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

March 19, 1982.

Donald Messenger, Beltsville, Md., for The Heark Corp.

Robert Banks, Hyattsville, Md., for John & Patricia Richardson.

Nelson Cohen, trustee.

## OPINION AND ORDER OVERRULING MOTION TO DISMISS PETITION

PAUL MANNES, Bankruptcy Judge.

This matter is before the court on John K. Richardson and Patricia G. Richardson's Motion to Dismiss Debtor's Chapter 7 Petition. John K. Richardson is a creditor shown on Schedule A–3 to have an unsecured claim. Patricia G. Richardson's status is not apparent. The Richardsons argue that because Petitioner's corporate charter was forfeited on October 30, 1980, that the corporation is not in existence and, therefore, it could not be an entity entitled to be a debtor under 11 U.S.C. § 301.

Maryland law provides that:

§ 3–516. *Powers of directors on forfeiture.*

(a) *Directors become trustees.*—When the charter of a Maryland corporation has been forfeited, until a court appoints a receiver, the directors of the corporation become the trustees of its assets for purposes of liquidation.

(b) *General powers.*—The director-trustees are vested in their capacity as trustees with full title to all the assets of the corporation. They shall:

(1) Collect and distribute the assets, applying them to the payment, satisfaction, and discharge of existing debts and obligations of the corporation, including necessary expenses of liquidation; and

(2) Distribute the remaining assets among the stockholders.

(c) *Specific powers.*—The director-trustees may:

(1) Carry out the contracts of the corporation;

(2) Sell all or any part of the assets of the corporation at public or private sale;

(3) Sue or be sued in their own names as trustees or in the name of the corporation; and

(4) Do all other acts consistent with law and the charter of the corporation necessary or proper to liquidate the corporation and wind up its affairs.

(d) *Majority governs.*—The director-trustees govern by majority vote.

(1975, ch. 506.)

*Corp. and Assoc., Md.Code Ann.* § 3–516 (Supp.1981).

This section of the statute codifies the result in earlier Maryland cases in which the courts held that directors of extinct corporations became trustees of the assets of the corporation, holding those assets for the benefit of creditors and stockholders. *See Cloverfield Improvement Ass'n., Inc. v. Seabreeze Properties*, 32 Md.App. 421, 362 A.2d 675 (1976) *aff'd and modified*, 280 Md. 382, 395–96, 373 A.2d 935 (1977), *citing*, Brune, *Maryland Corporation Law and Practice* § 406 at 466 (Rev. ed. 1953).

This matter began with the filing of a voluntary petition under Chapter 7 on September 30, 1981. The petition was signed by Herbert F. Frymark, President of The Heark Corporation, and by the last Board of Directors of The Heark Corporation, Herbert F. Frymark, Mary Ann Frymark, and Herbert F. Frymark, Jr. This measure of caution is justified by the filing of the Richardsons' Motion. Debtor's schedules list property said to be worth Three Hundred Fourteen Thousand Four Hundred Fifty Dollars ($314,450.00) and debts of Three Hundred Eighty-Nine Thousand Nine Hundred Twenty and 47/100 Dollars ($389,920.47), including Fifteen Thousand Three Hundred Dollars ($15,300.00) said to be owed to John K. Richardson and Fifteen Thousand Dollars ($15,000.00) said to be owed to the State of Maryland for withholding tax, interest, and penalty.

Debtor's president, Herbert F. Frymark, stated that he learned that the corporate charter had been revoked by the State of Maryland when the State returned his personal property tax return and check on August 31, 1981. His attempt to revive the charter failed for want of payment of the back taxes required by the State for reinstatement.

The Richardsons would consign The Heark Corporation to limbo. Such a consignment is contrary to the Bankruptcy Code, the law of Maryland, and common sense.

Under 11 U.S.C. § 309, a debtor must either reside in the United States, or have a domicile, place of business or property in the United States. Certain persons such as railroads, insurance companies and banks may not file under Chapter 7, but these exceptions are not relevant here. Persons include individuals, partnerships and corporations. 11 U.S.C. § 101(30). Corporations are further defined at 11 U.S.C. § 101(8):

(8) "corporation"—

(A) includes—

(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

(ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;

(iii) joint-stock company;

(iv) unincorporated company or association; or

(v) business trust; but

(B) does not include limited partnership:

The legislative history set forth in House Report 95–595, 95th Cong. 1st Sess. (1977) 309, U.S.Code Cong. & Admin.News 1978 p. 5787, explains that "the term encompasses any association having the power or privilege that a private corporation, but not an individual or partnership, has ....."

As one might anticipate, this issue has been raised before. Most likely candidates for charter forfeiture are failing companies that lack the means to comply with the niceties required to keep their charters in order. Such corporations are, of course, also likely to file bankruptcy petitions. The single question presented by this case is whether, under Maryland law, a corporation that has forfeited its charter retains the corporate identity and power necessary to file a voluntary petition under Chapter 7.

State law determines the questions of when a corporation exists and what the terms of its existence are. *Chicago Title and Trust Co. v. 4136 Wilcox Bldg. Corp.*, 302 U.S. 120, 125–26, 58 S.Ct. 125, 127, 82 L.Ed. 147 (1937); *Horn Silver Mining Co. v. New York*, 143 U.S. 305, 312, 12 S.Ct. 403, 404, 36 L.Ed. 164 (1892). Section 3–516 of the Corporations and Associations Article of the Maryland Code indicates that directors of a defunct corporation become trustees of the assets of the corporation. The trusteeship extends to all assets that pass to the directors during liquidation. Section 3–516 allows the directors to take necessary and proper acts to effect liquidation because the aim of Chapter 7 is an orderly liquidation of an estate. Filing a petition under that chapter is certainly a proper step toward liquidating a corporation and winding up its affairs.

The facts and statute present here closely resemble those presented in *Old Fort Improvement Co. v. Lea*, 89 F.2d 286 (4th Cir. 1937). In *Old Fort*, the Fourth Circuit construed South Carolina law and concluded that even after South Carolina cancelled a corporation's charter for failure to pay taxes and appointed a receiver, the corporation still retained the power to reorganize. 89 F.2d at 290.

The South Carolina statute provided that corporations whose charters have lapsed shall be continued bodies corporate for the purpose of prosecuting and defending suits by and against them and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established.

*Id.* at 289, *citing, South Carolina Code* § 7704 (1932). In addition, the statute provided that the directors of the corporation become trustees for the corporation, with the power to settle corporate affairs, collect debts, sell property, and to sue and be sued in their capacity as trustees. *Id.* at 289, *citing, South Carolina Code* (1932) § 7710 and § 7711. Section 3–516 of the Corporations and Associations Article of the Maryland Code is very similar to the sections of the South Carolina Code construed in *Old Fort*, providing similar powers and responsibilities to the directors of a corporation that has forfeited its charter. Like the Fourth Circuit in *Old Fort*, this court finds that the directors of a corporation that has forfeited its charter have the power to file a proceeding under Chapter 7 of the Bankruptcy Code because Chapter 7 provides a process for orderly liquidation of an estate that is perfectly consistent with Maryland law. *See In Re Rust Control, Inc.*, 1 B.R. 303 (Bkrtcy.W.D.Va.1979) (holding that under Virginia law a corporation with a revoked charter can file a voluntary petition).

The timeliness of this petition is not at issue here because the Maryland statute does not place time limits on the winding-up process. *Cf. Chicago Title and Trust Co. v. 4136 Wilcox Bldg. Corp.*, 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147 (1937) (construing Illinois statute that prohibited initiation of legal process on behalf of defunct corporations more than two years after lapse of

charter); *In Re International Sugar Feed Corp.*, 23 F.Supp. 197 (D.Minn.) *aff'd*, 306 U.S. 182, 59 S.Ct. 396, 83 L.Ed. 595 (1938) (construing Minnesota statute allowing corporate existence to continue for three years, for limited purposes).

The Richardsons rely upon the case of *In Re S & T Terry Contractors, Inc.*, 6 B.R. 84 (Bkrtcy.N.D.Ill.1980) to support the proposition that when a corporation has its charter revoked by the Secretary of State, it may not, thereafter, file a voluntary petition under the saving provisions of state law. It may be noted that *Terry Contractors* involved a petition under Chapter 11 of the Bankruptcy Code. Chapter 11 provides the means by which an individual or an entity may reorganize its business affairs and continue to operate the business as a debtor-in-possession. H. Miller and M. Cook, *A Practical Guide to the Bankruptcy Reform Act* (1979) p. 486.

The present case, however, involves the liquidation of the Debtor under Chapter 7. There is an obvious difference between a case on one hand looking to the closing down of a corporation and a case looking to its revival and continuation as a going concern. The language of the Maryland statute specifically contemplates the winding down that is the aim of Chapter 7 liquidation. *Corp. and Assoc., Md.Code Ann.* § 3–516(c)(4) (Supp.1981). *Terry Contractors* differs from this case both because it involved a case under Chapter 11 and because Illinois state law governed the corporation's status.

Even if this court were presented with a Chapter 11 petition filed by a Maryland corporation whose charter had been revoked by the Department of Assessments and Taxation, this court would not necessarily follow the Illinois opinion cited. *See Terry Contractors, supra.* A liquidating Chapter 11 plan, as contemplated by 11 U.S.C. § 1123(b)(4) and § 1129(a)(11), see *In Re L. N. Scott Co.*, 13 B.R. 387, 7 B.C.D. 1280 (Bkrtcy.E.D.Pa.1981), might well be in accord with the intent of a statute. Even in a reorganization involving a corporation with a lapsed charter, *see Old Fort Improvement*

*Co. v. Lea*, 89 F.2d 286 (4th Cir. 1937), collection of taxes by the state as a condition precedent to revival of the charter might be subject to the avoidance powers of Title 11. In another case, the Bankruptcy Court might stay state action affecting a corporate charter until the court determined taxes due pursuant to 11 U.S.C. § 505.

For the foregoing reasons, it is, this 19th day of March, 1982, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the Motion to Dismiss Petition filed by John K. Richardson and Patricia G. Richardson be, and the same is hereby, denied.