**In the Matter of S & T TERRY CONTRACTORS, INC., Debtor.**

**GYPSUM SUPPLY COMPANY, Plaintiff,**

v.

**S & T TERRY CONTRACTORS, INC., Defendant.**

**Bankruptcy No. 80 B 00751.**

**Adv. No. 80 A 0152.**

United States Bankruptcy Court, N. D. Illinois, W. D.

Aug. 19, 1980.

Thomas A. Bueschel, Rockford, Ill., for plaintiff, Gypsum Supply Co.

Jack R. Cook, Loves Park, Ill., for debtor, S & T Terry Contractors, Inc.

MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

At Rockford in said District on August 19, 1980, on the Motion of Gypsum Supply Company to Dismiss the Voluntary Petition

in Chapter 11 of S & T Terry Contractors, Inc., the Court, having heard the arguments of counsel, finds that the corporate entity, S & T Terry Contractors, Inc., was incorporated under the laws of the State of Illinois on October 29, 1976, and involuntarily dissolved on December 1, 1978; on July 24, 1980, S & T Terry Contractors, Inc., filed its Voluntary Petition in Chapter 11; thereafter, on August 15, 1980, S & T Terry Contractors, Inc., submitted its Application for Reinstatement together with certain reports and fees to the Secretary of State of the State of Illinois. The question is whether S & T Terry Contractors, Inc. is an entity which may file Chapter 11.

### ANALYSIS

 Chapter 32, § 157.94 of Illinois Revised Statutes provides for the survival of remedies of a corporation after dissolution. § 157.94 must be limited strictly to what its language permits. The language of § 157.94 permits any remedy available to or against the corporation for any "right[s] or claim[s] existing, or ... liabilit[ies] incurred, PRIOR TO SUCH DISSOLUTION" (emphasis mine) if the proceeding is brought within two years. (*Chicago Title & Trust Co. v. 4136 Wilcox Building Corporation*, 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147) The filing of the Voluntary Petition in Chapter 11 is a remedy that far exceeds the limited remedies granted to a dissolved corporation under § 157.94. Here, the Chapter 11 proceeding constitutes a remedy that applies to rights, claims and liabilities incurred after the dissolution of the corporation. If the Illinois Legislature had intended that a dissolved corporation should have the bankruptcy remedy available to it for two years after dissolution, it could have so specifically provided, but did not.

It is true, as debtor's counsel urges, that the Bankruptcy Court should look to state law to determine the rights of the debtor. (*Price v. Gurney* 324 U.S. 100, 65 S.Ct. 513, 89 L.Ed. 776) A de facto corporation exists where there is a law authorizing incorporation, an attempt in good faith to incorporate under such law, and a user of corporate powers. See 13 I.L.P. 282. S & T Terry Contractors, Inc., is not a de facto corporation, rather it is a dissolved former de jure corporation. Its rights are limited to those permitted under § 157.94, and do not include the filing of a Voluntary Petition in Chapter 11.

An Order consistent with this Memorandum Opinion is filed herewith.