GREAT AMERICAN INSURANCE COMPANY, Plaintiff–Appellant,

v.

BYRD & WATKINS CONSTRUCTION, INC., et al., Defendants,

George F. Bennett, Defendant–Appellee.

No. 78–1383.

United States Court of Appeals, Sixth Circuit.

Argued June 11, 1980.

Decided Sept. 25, 1980.

Waldrop, Hall, Tomlin & Farmer, J. Daniel Breen, Jackson, Tenn., for plaintiff–appellant.

Edwin E. Wallis, Jr., Moss, Benton & Wallis, Jackson, Tenn., for defendant–appellee.

Before ENGEL, MERRITT and JONES, Circuit Judges.

MERRITT, Circuit Judge.

The appeal in this Tennessee diversity case concerns the effect of Tennessee Code § 48–1014 on the assumption of the "liabilities . . . unknown" of a dissolved corporation.[1] The District Court ruled that § 48–1014 barred any action against defend-

1. Section 48–1014 provides:

The dissolution of a corporation . . . shall not take away or impair any remedy . . . against such corporation, its directors, officers, shareholders or members, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two (2) years after the date of such dissolution.

ant George F. Bennett based on such an undertaking, and granted summary judgment to him. Because § 48–1014 does not apply to an assumption such as Bennett has made, we reverse the judgment and remand the case for further proceedings.

## I.

Bennett, Watkins & Byrd, Inc. voluntarily dissolved itself in October, 1973. Among the dissolution papers filed with the Tennessee Secretary of State was a "Written Consent" form. Defendant Bennett and other stockholders pledged therein to assume "all liabilities known or unknown to the corporation" as well as "any outstanding debts or corporate liabilities."

During its corporate life, the Bennett corporation had agreed to indemnify several construction performance bonds issued by the predecessor of Great American. Great American, according to its complaint, subsequently had to make payments on the bonds. It seeks in the present suit to recover its payments from the indemnitors. When Great American filed this suit against the indemnitors four years after the Bennett corporation had dissolved, it thus included George F. Bennett as a defendant.

The District Court ruled that § 48–1014 precluded any personal action against George F. Bennett either as a shareholder or as an individual who had assumed the indebtedness of the dissolved corporation. As the District Court noted, Tennessee courts apparently have not yet considered the applicability of § 48–1014 to claims against persons who have assumed the liabilities of dissolved corporations. The District Court reasoned, though, that the "plain language of the statute" bars all claims two years after dissolution against those who assume the obligations of the dissolved corporation. This was true, said the District Court, "at least where there is no express statement by those assuming corporate obligations that they will remain liable for a longer period." The Court thus granted Bennett's motion for summary judgment.

## II.

We disagree. Section 48–1014 does not bar the claim against George F. Bennett. The specific written assumption by defendant Bennett put the "liabilities . . . unknown" of the Bennett corporation beyond the pale of § 48–1014. The statutory restriction of post–dissolution recourse applies only to the "corporation, its directors, officers, shareholders or members." Bennett's assumption of the corporate liabilities placed him in a separate status. He is being sued not as the corporation, not as a director or an officer for the discharge of his duties, and not as a shareholder or member to recover his pro rata share in the corporation. Instead, he is a defendant because he personally has undertaken to pay the liabilities of the corporation. He thus is not a member of the class with which § 48–1014 is concerned.

Moreover, his alleged liability is not within the contemplation of § 48–1014. The statute covers only those claims which have accrued prior to dissolution. It does not specifically relate to claims which arise after dissolution. In the instant case, all parties agree that the indemnification claim did not exist at the time of dissolution.

Nor does the four–year interim between the date of dissolution and the date of suit vitiate Bennett's personal obligation. Unlike a statute of limitations, the two–year period of § 48–1014 relates not to the ultimate recoverability of liability but only to the person or persons who may be held liable. In the absence of a statute such as § 48–1014, the common law would operate to extinguish immediately all resource against a corporation upon dissolution. *See* II Model Business Corp. Act Ann. § 105, Comment at 596. What was once a legal person would, after dissolution, be a legal void; only those who have assumed the obligations of a defunct corporation could be held liable. *Id.* Section 48–1014 makes it possible for creditors to continue to pursue their remedies against a dissolved corporation for "any right or claim existing, or any liability incurred" prior to dissolution despite the formal non–existence of the corporation.

Section 48–1014, then, merely extends temporarily the juristic life of a dissolved corporation. It does not altogether bar enforcement of claims thereafter simply because two years have passed since dissolution. Obligations retain their validity despite the dissolution of a corporation. *Cf.* M. Lattin, The Law of Corporations 566 ("better rule holds that executory contracts are not extinguished by dissolution").

The obligation to indemnify was, finally, among the "liabilities . . . unknown" of the Bennett corporation. Of course, the term "unknown" could be construed to mean only liability that was accrued and undiscovered at the time of dissolution. The term thus would exclude all liabilities that were not actually owed by the Bennett corporation on the date of dissolution, such as the alleged obligation involved in the present case. For such liability, under such a construction, it is possible that no one could be accountable. We do not think that such of total escape from liability is warranted.

It is a much sounder construction, we think, to include within the unknown liabilities of the Bennett corporation the potential indemnification responsibilities that became actual liabilities after dissolution. The language of the Consent is in the conjunctive:

> All of the liabilities known or unknown of the corporation *and* any outstanding debts or corporate liabilities are specifically assumed by George F. Bennett, Charles A. Watkins, and Joe H. Byrd. (emphasis added)

This language persuades us as a matter of sound construction that Messrs. Bennett, Watkins and Byrd intended to include any liability of the corporation as an indemnitor, since a contrary construction would render the "outstanding debts or corporate liabilities" language redundant. We do not, of course, suggest whether the individual defendants here ultimately may be liable on the merits of any claim, or whether there may exist some other limitation or bar to their liability under Tennessee law, which has not been raised in this appeal.

Accordingly, the judgment of the District Court is reversed, and the case is remanded to the District Court for further proceedings.