**In re MARKUS ENTERPRISES, INC., Debtor.**

**Dudley W. TAYLOR, etc., Plaintiff-appellant,**

**v.**

**MARKUS ENTERPRISES, INC., Defendant-appellee.**

**Civ. A. No. 3:88–0557.**

**Bankruptcy No. 387–3898.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 23, 1988.

W.J. Michael Cody, William E. Young, Steven Thomas and Sandra L. Nugent, Nashville, Tenn., for plaintiff-appellant.

Larry Stewart, Stokes & Bartholomew, Nashville, Tenn., for defendant-appellee.

MEMORANDUM OPINION, ORDER AND REMAND

NEESE, Senior District Judge, sitting by designation and assignment.

The appellant the commissioner of Revenue of the state of Tennessee (commission-

er), appeals herein from the order of May 2, 1988 of the Bankruptcy Court of this District. Such order denied such appellant's motion to dismiss the debtor's petition in bankruptcy filed under the United States Bankruptcy Code, chapter 11.

The pertinent facts herein are not complicated: The debtor Markus Enterprises filed a petition under that chapter with the clerk of the Bankruptcy Court on July 23, 1987. Some eight months prior thereto, the secretary of state of Tennessee had revoked the debtor's corporate charter.

The Tennessee department of revenue filed a proof of claim for $3,280.24 with the clerk of the Bankruptcy Court for franchise, sales, and use taxes allegedly not paid by the debtor. The commissioner filed subsequently a motion to dismiss the debtor's petition pursuant to 11 U.S.C. § 1112(b), claiming that such debtor lacked the capacity to file such a petition because that corporation had been dissolved[1] when its charter was revoked earlier.

■ Whether the debtor, in light of its dissolution, retains the capacity to file a petition under the Bankruptcy Code, chapter 11, is a matter of the law of this state. "[A] private corporation in this country can exist only under the express law of the state or sovereignty by which it was created. Its dissolution puts an end to its existence, the result of which may be likened to the death of a natural person. There must be some statutory authority for the prolongation of its life, even for litigation purposes." *Chicago T. & T. Co. v. Forty–One Thirty–Six W. Bldg. Corp.,* 302 U.S. 120, 124–125, 58 S.Ct. 125, 127, 82 L.Ed. 147 (1937).

■ The statute of Tennessee which governs the survival of remedies upon the dissolution of a corporation is T.C.A. § 48–1–1013.[2] It states:

The dissolution of a corporation by: (1) The issuance of a certificate of dissolution by the secretary of state * * * shall not take away or impair any remedy available to or against such corporation, its directors, officers, shareholders or members, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution.

The debtor contends herein that its action in bankruptcy "constitutes a remedy taken by it to satisfy liabilities which it incurred prior to the date of dissolution"; the liabilities to which it alludes are ongoing member contracts (such debtor operated a Nautilus Fitness Center) and ongoing obligations under a lease which it incurred prior to its dissolution. Clearly, the pertinent statute "covers only those claims which have accrued prior to dissolution. It does not specifically relate to claims which arise after dissolution." *Great Am. Ins. Co. v. Byrd & Watkins Const., Inc.,* 630 F.2d 460, 461 (6th Cir.1980).

The appellant contends that T.C.A. § 48–1–1013, *supra,* does not give the debtor the ability or capacity to file a petition in bankruptcy under the Bankruptcy Code, chapter 11, after its dissolution and relies on *Gypsum Supply Co. v. S & T Terry Contractors,* 6 B.R. 84 (Bk.Ill.1980). The Court therein examined a statute of Illinois governing the survival of remedies after the dissolution of a corporation. Such statute, for all purposes pertinent hereto, is identical to the aforementioned statute of Tennessee. Such Court in Illinois held that:

The filing of the Voluntary Petition in Chapter 11 is a remedy that far exceeds

---

**1.** Although such a ground is not listed as a specific "cause" for dismissing a petition under such chapter, "[t]he listed grounds are non-exclusive. * * * The totality of the facts will determine whether [a debtor] may obtain the continuing protection of the court, * * * and the court has wide discretion to make an appropriate disposition under section 1112(b)." *In Re Vermont Fiberglass, Inc.,* 38 B.R. 151, 153 [1–3] (Bk.Vt.1984).

**2.** Such statute was repealed on January 1, 1988 when the Tennessee Business Corporation Act went into effect. T.C.A. §§ 48–11–101—48–27–103 However, such statute was in full force and effect when the pertinent petition was filed in the Bankruptcy Court on July 23, 1987 and, therefore, is controlling herein.

the limited remedies granted to a dissolved corporation under § 157.9.[3] Here, the Chapter 11 proceeding constitutes a remedy that applied to rights, claims and liabilities incurred after the dissolution of the corporation. If the Illinois Legislature had intended that a dissolved corporation should have the bankruptcy remedy available to it for two years after dissolution, it could have so specifically provided, but did not.

*Ibid.*, at 85. Such Court found specifically, that the pertinent debtor's liabilities were incurred after the dissolution of the corporation.

The Bankruptcy Court made no finding of fact herein as to when the debtor's liabilities herein were incurred. Indeed, it did not consider (apparently) T.C.A. § 48–1–1013, *supra*, in denying the appellant's motion to dismiss. Such Court denied the motion after concluding that:

> The law of the State of Tennessee relating to corporations has recently been amended, but both the law in effect prior to January 1, 1988 and the new law give corporations with revoked charters the right to reinstate their charters. The new law limits the period of reinstatement to two years after revocation whereas the prior law was uncertain as to any such time limit. The debtor still has time to reinstate its charter under state law.

> Based upon the record, it is not appropriate to dismiss this case solely on the ground that the debtor's charter was revoked prior to filing this case. Revocation alone is not fatal to eligibility to become a debtor under Chapter 11 of the Bankruptcy Code since state law permits reinstatement, and since 11 U.S.C. Section 108 permits a debtor time within which to reinstate its charter pursuant to a Chapter 11 proceeding.

11 U.S.C. § 108(b) provides in pertinent part:

> Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of filing of the petition, the trustee may only file, cure or perform, as the case may be, before the later of—

> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

> (2) 60 days after the order for relief.

The appellant argues that the Bankruptcy Court erred in that 11 U.S.C. § 108(b), *supra*, does not grant a corporation dissolved under the law of Tennessee the authority to commence a reorganization petition in bankruptcy under chapter 11. However, that is not what the bankruptcy Court found; such Court found simply that § 108(b) gives the debtor time to acquire such authority by seeking reinstatement pursuant to the state law available to it for that purpose.

The foregoing does not appear, however, to be the purpose of such section. "Subsections (a) and (b) [of 11 U.S.C. § 108, *supra*,] operate as a statute of limitations on suits brought on behalf of the estate by the trustee." 2 Collier on Bankruptcy, 15th ed. § 108.02, p. 108–2. The purpose thereof "is to give a trustee at least 60 days after the filing of a case to preserve the interests of the estate by doing those things which the debtor neglected to do or was unable to do within the originally prescribed time." *In Re G–N Partners*, 48 B.R. 462, 467 [6] (Bk.Minn.1985); *see also*, 2 Collier on Bankruptcy, *supra*, § 108.02, p. 108–3.

Therefore, contrary to the Bankruptcy Court's finding, such § 108(b) does not grant the debtor the time in which to gain

**3.** "The language of § 157.94 permits any remedy available to or against any 'rights or claims existing, or * * * liabilities incurred, PRIOR TO SUCH DISSOLUTION' * * * if the proceding is brought within two years." *Gypsum Supply Co.*, *supra*, 6 B.R. at 85.

**462**

the capacity to file its pertinent petition. Thus, this Court hereby

VACATES the judgment of May 2, 1988 entered herein by the Bankruptcy Court.

There remains, however, the question of whether the debtor had the capacity initially pursuant to the law of Tennessee to file its petition under chapter 11. As the Bankruptcy Court made no specific finding in this regard, this action hereby is

REMANDED for such a finding and for whatever further proceedings are deemed necessary by our Bankruptcy Court.