**In the Matter of TRI–ANGLE DISTRIBUTORS, INC., Debtor.**

**Bankruptcy No. 89–30429–RKR.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

July 17, 1989.

Jack R. O'Bryan, Rosenthal, Greives & O'Bryan, Lafayette, Ind., for Stine Seed Co., Inc.

Wayne J. Lennington, Lennington & Lennington, Muncie, Ind., for debtor.

Gary D. Boyn, Elkhart, Ind., trustee.

ORDER

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

On April 13, 1989, Stine Seed Company, Inc. ("Stine"), a creditor of the debtor, filed its Motion to Dismiss the debtor's Chapter 7 case on the grounds that the debtor has no capacity to file a petition under the Bankruptcy Code to liquidate its assets since the Indiana Secretary of State administratively dissolved the debtor corporation prior to the time the debtor filed its petition. The court held a hearing on Stine's motion on May 4, 1989, and took the matter under advisement on May 22, 1989, following the time allowed for submitting briefs.

*Background*

The debtor, Tri–Angle Distributors, Inc., filed its petition under Chapter 7 of the Bankruptcy Code on March 21, 1989. Prior to that time, however, on November 28, 1988, the Indiana Secretary of State administratively dissolved the corporation pursuant to Ind.Code § 23–1–46–1. Stine contends that inasmuch as Ind.Code §§ 23–1–46–1 to 23–1–46–4 do not state that an administratively dissolved corporation has the capacity to file a petition under the Bankruptcy Code, Tri–Angle Distributors, Inc., cannot be a debtor under the Code and the court accordingly should dismiss this case. Stine argues that if the debtor wishes to proceed under Chapter 7 it must apply for and obtain the reinstatement of its corporate status. Otherwise, Stine asserts that Tri–Angle Distributors, Inc.'s relief is limited to orderly disposing of its debts under Ind.Code §§ 23–1–45–6 and 23–1–45–7.

The debtor opposes Stine's Motion to Dismiss asserting that Stine has not set forth any valid grounds either under 11 U.S.C. § 707 or otherwise for dismissal of this case. The debtor submits that what Stine really is attempting to do is to collaterally attack the order for relief which the court

entered. The debtor contends that Stine has failed to comply with the statutory requirements for requesting the court to vacate an order of relief. The debtor further contends that Ind.Code § 23–1–46–2 permits an administratively dissolved corporation to wind up and liquidate its business and affairs. As Ind.Code § 23–1–46–2 refers to Ind.Code § 23–1–45–5 which provides that a dissolved corporation may carry on any business necessary for discharging its liabilities as well as every other act necessary to wind up the business, the debtor contends that it is well within the provisions of Indiana law in proceeding with its Chapter 7 case.

### Discussion and Decision

The issue before the court is whether a corporation which has been administratively dissolved pursuant to Ind.Code § 23–1–46–1 has the capacity to file a Chapter 7 petition. 11 U.S.C. § 109 provides that a debtor must be a person that resides or has a domicile, place of business, or property in the United States, or a municipality. Pursuant to 11 U.S.C. § 101(35) a person includes a corporation. Under Title 11 a corporation includes an "association having a power or privilege that a private corporation, but not an individual or a partnership, possesses", an "unincorporated company or association" as well as certain other entities. 11 U.S.C. § 101(8) (Callaghan 1988).

■ The capacity of a corporation to file a petition under the Bankruptcy Code is a question of state law. *Taylor v. Markus Enterprises, Inc. (In re Markus Enterprises, Inc.)*, 91 B.R. 459, 460 (Bankr.M.D. Tenn.1988) (citing *Chicago Title & Trust Co. v. Forty–One Thirty–Six Wilcox Bldg. Corp.*, 302 U.S. 120, 124–25, 58 S.Ct. 125, 126–27, 82 L.Ed. 147 (1937), in which the Court stated: "[A] private corporation in this country can exist only under the express law of the state or sovereignty by which it was created. Its dissolution puts an end to its existence, the result of which may be likened to the death of a natural person. There must be some statutory authority for the prolongation of its life, even

for litigation purposes."). The parties have not cited any Indiana cases discussing this issue in their briefs to the court. Moreover, the court is unable to find any Indiana cases which address the question. As the question appears to be one of first impression in the State of Indiana, the court turns to the Indiana statutes addressing administratively dissolved corporations and the law of other states in order to resolve the issue before it.

■Reviewing the relevant statutory authority, the court is inclined to believe the debtor has the stronger position. Ind. Code § 23–1–46–2(c) states that a corporation which has been administratively dissolved "continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under IC 6–8.1–10–9 and IC 23–1–45–5....." Ind.Code Ann. § 23–1–46–2(c) (Burns Supp.1988). Ind. Code § 23–1–45–5(a) explains that a dissolved corporation's activities in winding up and liquidating its business and affairs may include:

(1) Collecting its assets;

(2) Disposing of its properties that will not be distributed in kind to its shareholders;

(3) Discharging or making provisions for discharging its liabilities;

(4) Distributing its remaining property among its shareholders according to their interests; and

(5) Doing every other act necessary to wind up and liquidate its business and affairs.

Ind.Code Ann. § 23–1–45–5(a)(1)–(5) (Burns Supp.1988). The statute further provides that a corporate dissolution does not "[p]revent commencement of a proceeding by or against the corporation in its corporate name." Ind.Code Ann. § 23–1–45–5(b)(5) (Burns Supp.1988). Importantly, in listing the activities which a dissolved corporation may pursue in winding up its affairs and liquidating Ind.Code § 23–1–45–5(a) does not purport to be exclusive. The section uses the word "including" thereby indicating that other activities may be permissible so long as they are appropriate to ending the business. Moreover, neither Ind.Code §§ 23–1–46–1 to 23–1–46–4 nor Ind.Code

§§ 23-1-45-1 to 23-1-45-7 expressly prohibit the filing of a Chapter 7 petition by a dissolved corporation. While Ind.Code § 23-1-45-6 proposes a procedure for disposing of the outstanding claims against a dissolved corporation, the section does not purport to be mandatory as evidenced by the use of the word "may" rather than "must" therein. The court thus finds that Indiana law does not prohibit a dissolved corporation from filing a petition under Chapter 7 of the Bankruptcy Code in order to wind up and liquidate its business and affairs.

The law of other states supports this conclusion. In *In re Luftek, Inc.*, 6 B.R. 539, 541 n. 3 (Bankr.E.D.N.Y.1980), the court interpreted a New York statute similar to Ind.Code §§ 23-1-46-1 to 23-1-46-4 and held that a dissolved corporation may be a debtor under Chapter 7. The court specifically found that "bankruptcy liquidation is not inconsistent with continued existence under [the statute] for purposes of winding up the affairs of the corporation." *Id.* at 541-42 n. 3. The Court of Appeals for the Second Circuit cited the *Luftek* case approvingly in *Cedar Tide Corp. v. Chandler's Cove Inn, Ltd. (In re Cedar Tide Corp.)*, 859 F.2d 1127 (2nd Cir. 1988), *cert. denied*, — U.S. —, 109 S.Ct. 1933, 104 L.Ed.2d 405 (1989), in determining that the bankruptcy court had jurisdiction over a Chapter 11 petition filed by a dissolved corporation. In the *Cedar Tide* opinion the court referred to *In re Martin-Trigona*, 760 F.2d 1334 (2nd Cir.1985), in which it held pursuant to Connecticut law that an administratively dissolved corporation could file a Chapter 11 petition.[1]

In *In re The Heark Corp.*, 18 B.R. 557 (Bankr.D.Md.1982), the court similarly found that the directors of a corporation which had forfeited its charter had the power to file a Chapter 7 petition since Chapter 7 provided a method of liquidation which was consistent with Maryland law. The bankruptcy court relied upon the Fourth Circuit's decision in *Old Fort Improvement Co. v. Lea*, 89 F.2d 286 (4th Cir.1937), in which the court concluded that even though South Carolina had cancelled the debtor corporation's charter, the corporation retained the capacity reorganize. *Id.* at 559 (citing 89 F.2d at 290). These decisions as well as the plain language of Ind.Code § 23-1-46-1 convince the court that a corporation which has been dissolved under a statute similar to Ind.Code § 23-1-46-1 retains the capacity to file a Chapter 7 petition to liquidate its assets in an orderly fashion. The court finds the liquidation procedure established by the Bankruptcy Code to be entirely consistent with the Indiana statutes concerning dissolved corporations.

### Conclusion

WHEREFORE, the court finds that a corporation which has been administratively dissolved pursuant to Ind.Code § 23-1-46-1 has the capacity to file a petition under Chapter 7 of the Bankruptcy Code. The court accordingly denies Stine's Motion to Dismiss and grants the debtor's objection thereto. It is

SO ORDERED.

---

1. The court in this case, however, does not address the question of whether a corporation which has been administratively dissolved under Indiana law may file a Chapter 11 petition.

The issue herein is limited precisely to whether such a corporation may file a Chapter 7 petition.