**In re A CAR RENTAL, INC., Debtor.**

**Bankruptcy No. 92–45495–H3–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Feb. 11, 1993.

Rodney Tow & Associates, Rodney Dwayne Tow, Conroe, TX, for debtor.

Briscoe Y. Swan, Bellaire, for Lester Kastleman (Trustee).

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for consideration the Amended Motion for Relief from Stay filed by Lester Kastleman, Trustee ("Kastleman"). An issue has been raised regarding the Debtor's eligibility for Chapter 11 relief. The court has considered this argument and has determined that it is without jurisdiction to decide the Motion for Relief from Stay because the Debtor is not eligible to be a debtor under Chapter 11 of the Bankruptcy Code. The following are the Findings of Fact and Conclusions of Law of the court. To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

### Findings of Fact

1. This case was initiated on June 23, 1992 by the filing of a voluntary Chapter 11 petition, allegedly on behalf of A Car Rental, Inc. ("Debtor"), by Lyn Noble Hawthorne, the owner of the Debtor.

2. The petition alleges that A Car Rental, Inc. is a corporation of which Hawthorne is the sole shareholder.

3. Kastleman's debt is secured by the property alleged to be held by the Debtor. Kastleman filed his Motion for Relief from Stay on November 27, 1992, and an amended motion on December 14, 1992.

4. A hearing was held on the Amended Motion (Docket No. 27) beginning on January 6, 1993. At the hearing, the parties introduced by agreement a copy of the Debtor's Articles of Incorporation (Debtor's Exhibit 7). Attached to the Articles is a notice of the Secretary of State determining that the Debtor forfeited its corporate charter on November 20, 1989 pursuant to § 171.309 of the Texas Tax Code Annotated.

### Conclusions of Law

1. A bankruptcy court must itself raise the issue of subject matter jurisdiction, and is obligated to dismiss on its own motion if it finds subject matter jurisdiction absent. *In re Brown*, 113 B.R. 318 (Bankr.W.D.Tex. 1990).

2. Section 109(d) contains the limitation that only a "person" may be a Debtor under Chapter 11. "Person" includes individual, partnership, and corporation. 11 U.S.C. § 101(41). A corporation is defined in Section 101(9) to include: i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses; ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association; iii) joint-stock company; iv) unincorporated company or association; or v) business trust.

3. Whether a dissolved corporation is eligible to be a debtor in bankruptcy is determined by reference to state law. *In re Heark Corp.*, 18 B.R. 557, (Bankr.D.Md. 1982). Two courts have held, following their state laws, that corporate debtors were empowered to continue in Chapter 7 in the name of the corporation following forfeiture of their corporate charters. *Heark Corp.*, 18 B.R. 557, (Bankr.D.Md.1982); *Matter of Tri–Angle Distributors, Inc.*, 102 B.R. 151 (Bankr.N.D.Ind.1989).

4. Forfeiture of a corporate charter for nonpayment of taxes works a dissolution of the corporation. V.A.T.S.Bus.Corp.Act, Art. 7.01B(1) (West Supp.1993).

5. A dissolved corporation continues its corporate existence for a period of three years following dissolution for the limited purposes of 1) prosecuting or defending in its corporate name any action or proceeding by or against the dissolved corporation; 2) per-

mitting the survival of any existing claim by or against the dissolved corporation; 3) holding title to and liquidating any properties or assets that remained in the dissolved corporation at the time of, or are collected by the dissolved corporation after, dissolution, and applying or distributing those properties or assets; and 4) settling any other affairs not completed before dissolution. V.A.T.S.Bus. Corp.Act, Art. 7.12. (West Supp.1993).

6. A dissolved corporation may not continue its corporate existence for the purpose of continuing the business or affairs for which the dissolved corporation was organized. V.A.T.S.Bus.Corp.Act, Art. 7.12. (West Supp.1993).

7. The corporate existence of the Debtor was suspended in 1989, and the three-year period during which the Debtor could have wound down prior to ceasing its limited existence has expired. The Debtor was not empowered under state law as of the petition date to continue its business affairs.

8. The court concludes that A Car Rental, Inc. was not a person within the meaning of the Bankruptcy Code on the date of the petition. Thus it is not eligible for relief under the Code.

9. Because the court is without jurisdiction to grant relief in this case, the Amended Motion for Relief from Stay (Docket No. 27) is moot.

Based on the foregoing, a separate judgment dismissing the case will be entered.

### JUDGMENT

Based on the separate Memorandum Opinion signed this same day, it is

ORDERED that this case is dismissed.