**In re ABZ INSURANCE SERVICES, INC. d/b/a Ace Insurance Agency, Debtor.**

**Bankruptcy No. 397–39760–RCM–7.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Jan. 3, 2000.

---

## MEMORANDUM OPINION

ROBERT C. McGUIRE, Chief Judge.

On December 20, 1999, came to be heard the motion of Bobby Lutz ("Lutz") to dismiss this bankruptcy and the pending adversary involving the named debtor, "ABZ". The Chapter 7 Trustee opposed such dismissal.

The Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A) & (O). The following are the Court's findings of fact and conclusions of law under Bankruptcy Rules 9014 and 7052.

### Background

After failing to pay its franchise taxes, pursuant to Tex. Tax Code § 171.309, the Secretary of State on February 18, 1998 forfeited ABZ's corporate charter. *See* Exhibit A to Motion to Dismiss. From such exhibit it appears that the Texas Comptroller under Tex. Tax Code §§ 171.251 and 252 on October 15, 1997 had forfeited ABZ's right to sue and defend in Texas courts because of ABZ's failure to pay franchise taxes or file reports. The Secretary of State forfeited Debtor's charter on February 18, 1998 for the same reason.

ABZ filed its Chapter 7 bankruptcy petition on October 21, 1997.

In his Motion to Dismiss, Lutz argues that ABZ's forfeiture of charter for failure to pay state franchise taxes precludes ABZ's bankruptcy eligibility and, thus, that this bankruptcy proceeding and all adversary proceedings of ABZ must be dismissed. In addition, Lutz argues that Tex. Tax Code § 171.252 bars the Trustee from bringing any proceeding on behalf of ABZ in any court in the state of Texas. In response, the Trustee contends that under the Tex. Bus. Corp. Act ABZ is entitled for a three year period to conduct certain activities which would include the filing of a bankruptcy petition and adversary proceedings. Furthermore, the Trustee argues that although the Tex. Tax Code may preclude ABZ from bringing action in a Texas state court, it does not bar suits in

other forums, such as federal court. In the alternative, should a dismissal be granted, the Trustee asks to be reimbursed for costs related to the bankruptcy and adversary.

### Ruling

The Motion to Dismiss is overruled.

### Discussion

Under 11 U.S.C. § 109, with few exceptions, a "person" may be a Chapter 7 debtor. "Person" includes an individual, partnership and corporation. 11 U.S.C. § 101(41). "Whether a dissolved corporation is eligible to be a debtor in bankruptcy is determined by reference to state law." *In re A Car Rental,* 166 B.R. 869, 870 (Bankr.S.D.Tex.1993). Under Tex. Tax Code § 171.251, the comptroller shall forfeit the corporate privileges of a corporation for failure to file a report within 45 days of notice or failure to pay assessed franchise taxes within 45 days of becoming due. The effect of a forfeiture under § 171.251, is that

(1) the corporation *shall be denied the right to sue or defend in a court of this state;* and

(2) each director or officer of the corporation in liable for a debt of the corporation as provided be Section 171.255 of this code.

Tex. Tax Code § 171.252 (emphasis added).[1] Upon the comptroller's certification, the Secretary of State may then forfeit the corporate charter. Tex. Tax Code § 171.309. Forfeiture of a corporate charter for non-payment of taxes acts as a dissolution of the corporation. *See* V.A.T.S. Bus.Corp.Act, Art. 7.01B(1).

---

1. Though not necessary for the Court's determination of this matter, it should be noted that Stephen McCraw, President and 75% shareholder of the Debtor, signed the Debtor's bankruptcy petition and fillings. Although a forfeiture of a corporation's charter may prevent the corporation from suing or defending in a Texas court, a shareholder might be permitted to bring such action in a representative capacity or as necessary to protect his own property rights. See *El T. Mexican Restaurants, Inc. v. Bacon,* 921 S.W.2d 247, 251–52 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Regal Construction Co. v. Hansel,* 596 S.W.2d 150, 153 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

█ In *Isbell v. Gulf Union Oil Co.,* 147 Tex. 6, 209 S.W.2d 762 (1948), the Texas Supreme Court discussed the purpose and effect of Texas franchise forfeiture statutes.

This court has held that the foregoing articles were enacted purely for revenue purposes....This statute is purely a revenue measure. Under it large sums are collected for the support of the state government. Statutes of this nature are always liberally construed so as to effectuate their chief object and purpose of their entitlement.

The respondent had a right to do business after the Secretary of State entered on the records kept in his office relating to corporations the words 'right to do business forfeited,' as provided for in Article 7091. The only right or privilege taken away from respondent by this act of the Secretary of State was its right to sue and defend in the courts of this State.

*Id.* at 764 (internal citations and quotations omitted).

█ Forfeiture of a corporate charter for failure to pay franchise taxes does not extinguish the corporation as a legal entity as long as there is a statutory right to reinstate the charter. *Lighthouse Church of Cloverleaf v. Texas Bank,* 889 S.W.2d 595 (Tex.App.—Houston [14th Dist.] 1994, writ denied). A corporation which has forfeited its charter may be resurrected by paying delinquent taxes. *Id.*

Lutz contends that ABZ's corporate charter was forfeited under the Tex. Tax Code and, thus, the provisions provided for by the Texas Business Corporation Act do not apply. The Trustee, however, argues that regardless of the means of dissolution the Tex. Bus. Corp. Act is applicable.

Under the Tex.Bus.Corp.Act, Art. 7.01B(1), a corporation may be dissolved by order of the Secretary of the State when it is established that it is in default in any of the following particulars:

(1) The corporation has failed to file any report within the time required by law, or *has failed to pay any fees, franchise taxes* or penalties proscribed by law when the same have become due and payable;

(Emphasis added). To this same effect see Tex. Tax Code §§ 171.302 et seq., including §§ 171.309–310.

█ Under the Tex.Bus.Corp.Act, Art. 7.12A(1)-(4), a dissolved corporation shall continue its corporate existence for a period of three years from the date of dissolution for the following purposes:

(1) prosecuting or defending in its corporate name any action or proceeding by or against the dissolved corporation;

(2) permitting the survival of any existing claim by or against the dissolved corporation;

(3) holding title to and liquidating any properties or assets that remained in the dissolved corporation at the time of, or are collected by the dissolved corporation, after, dissolution, and applying or distributing those properties or assets, or the proceeds thereof, *as provided in Subsections (3) and (4) of Section A of Article 6.04 of this Act;* and

(4) settling any other affairs not completed before dissolution.

(Emphasis added).

Under Article 7.12F(1), a dissolved corporation means a corporation that was:

(a) voluntarily dissolved by the issuance of a certificate of dissolution by the Secretary of State and was not issued a certificate of revocation of dissolution pursuant to Section C of Article 6.05 of this Act, (b) that was involuntarily dissolved by the Secretary of State and was not reinstated pursuant to Section E of Article 7.01 of this Act, (c) that was dissolved by decree of a court when the court has not liquidated all the assets and business of the corporation as provided in this Act, (d) that was dissolved by the expiration period of its duration and has not revived its existence as pro-

vided in this Act, or (e) *whose charter was forfeited pursuant to the Tax Code, unless forfeiture has been set aside.*
(Emphasis added).

 The primary purpose of this three year survival statute is two fold: first, to allow claimants to sue a dissolved corporation for pre-dissolution activity for three years after its dissolution and, second, to protect shareholders, officers, and directors of dissolved corporations from prolonged and uncertain liability. *See Martin v. Texas Woman's Hosp., Inc.* 930 S.W.2d 717, 720 (Tex.App.—Houston [1 Dist.] 1996, n.w.h.); *Hunter v. Fort Worth Capital Corp.* 620 S.W.2d 547, 550 (1981); *See also* Tex.Bus.Corp.Act, Art. 7.12C.

 The activities a corporation may perform under Art. 7.12 are limited. For example in *McBride v. Clayton,* 140 Tex. 71, 166 S.W.2d 125 (1942), McBride, Inc., was a dissolved corporation. In respect to the corporation's activities after dissolution, the Court stated:

Although the statutes give McBride, Inc., a continued existence for as long as three years after the surrender of its charter, it clearly could not be so continued to purchase and sell goods, wares and merchandise and to transact a general mercantile business. Its charter ceased on December 15, 1937, to have any force as such, and McBride, Inc., could derive no power from it, could not engage in retail merchandising under it. Whatever powers remained came by virtue of the statute and only for the specific and limited purposes named therein. Its qualified existence was in the nature of an administration of its estate, with all its corporate rights fixed and determined as of the date of dissolution.

*Id.* at 128.

Very few cases have discussed the interplay between dissolution under the Tex. Tax Code and the Tex. Bus.Corp.Act. However, in *Mobile Homes of America, Inc., v. Easy Living, Inc.,* 527 S.W.2d 847, 849–50 (Tex.Civ.App.—Fort Worth 1975, n.w.h.), Mobile Homes brought suit against a number of defendants four months after the corporation's charter had been forfeited for failure to pay franchise taxes. In response, the defendants filed a Texas state law Rule 12 Motion, i.e., claiming that the attorneys had no authority to file the suit. Finding that due to the forfeiture Mobile Homes could not bring suit in state court, the court dismissed the case.

On appeal, Mobile Homes argued that the Tex. Bus. Corp. Act's Limited Survival after Dissolution statute gave authority for its action. However, the court disagreed.

Both the foregoing cited Articles make provision for preservation of the right of the corporation to sue in Texas courts for a period of three years after its dissolution as such in specified instances. These are where the dissolution has occurred (1) by the issuance of a certificate of dissolution by the Secretary of State, (2) by a decree of court when the court has not liquidated the assets and business of the corporation as provided therein, or (3) by expiration of the period of its duration as a corporation.

But we are of the opinion, and hold, that neither of the Articles relied upon by Mobile Homes has any application to this case. In no respect do they relate to a corporation which is by the State deemed to be liable for indebtedness owing for franchise tax, remaining unpaid . . . .

There is no occasion for statutory construction in this instance for the two different sets of statutes relate to corporations in different circumstances. The law relied upon by Mobile Homes is without application to this case because its right to do business was forfeited by action of the Comptroller of Public Accounts for failure to pay franchise tax, and for that reason the statute constituting basis for the contention of Mobile Homes is without application.

However, the foregoing case is a 1975 case and as indicated by the current language of Tex. Bus.Corp.Act., Art. 7.12, an amendment has been made to include within the reach of the limited survival statute those corporations whose dissolution comes about by action of the Secretary of State as a result of a corporation's failure to pay its franchise taxes. *See* V.A.T.S. Bus.Corp.Act, Art. 7.12F(1)(e). The "Comments of Bar Committee 1996" on 7.12 states in part:

> Article 7.12 was further amended in 1993 to add corporate termination effected under the Tax Code as dissolutions under Article 7.12. As a result, a corporation whose charter is forfeited under the Tax Code is considered to be involuntarily dissolved pursuant to Article 7.12 and the directors will have the duties and obligations provided for under Article 7.12 and the corporation may engage in the activities provided under that section.

One Texas court has addressed forfeiture of a charter and its effect on a bankruptcy filing. In *In re A Car Rental, Inc.,* 166 B.R. 869 (Bankr.S.D.Tex.1993), pursuant to Tex. Tax Code § 171.309, on November 20, 1989, the corporate debtor had its charter forfeited. Subsequently, on June 23, 1992, the debtor filed for bankruptcy. After a Motion for Relief from Stay was filed, the issue was raised as to whether the debtor was an "eligible debtor" under Chapter 11 of the Bankruptcy Code. After citing the language of the Tex. Bus.Corp.Act, Art. 7.12, the court stated:

> 6. A dissolved corporation may not continue its corporate existence for the purposes of continuing the business or affairs for which the dissolved corporation was organized. V.A.T.S. Bus. Corp. Act, 7.12 (West Supp. 93).
>
> 7. The corporate existence of the Debtor was suspended in 1989, *and the three-year period during which the Debtor could have wound down prior to ceasing its limited existence has expired.* The Debtor was not empowered under state law as of the petition date to continue its business affairs.
>
> 8. The court concludes that A Car Rental, Inc. was not a person within the meaning of the Bankruptcy Code on the date of the petition. Thus it is not eligible for relief under the Code.

*Id.* at 871 (emphasis added). Despite what appears to be a time frame of only 2 years and 10 months, it appears that in making her decision the Court relied on the three year limitation set forth by Art. 7.12 of the Act. Others reading the case have apparently read it the same way. The annotations to the Tex. Bus.Corp.Act, Art. 7.01 cites the case as follows:

> Debtor, whose corporate charter was forfeited under Texas tax code more than three years prior to Chapter 11 filing, was not empowered under state law to continue its business affairs *following three-year period during which debtor could have wound down after it ceased its limited existence,* and thus, debtor was not person within meaning of the Bankruptcy Code on date of its petition and was not eligible for bankruptcy relief.

(Emphasis added).

American Jurisprudence cites the case for the following proposition:

> Corporation was not 'person' within meaning of 11 U.S.C.A. § 109 on date bankruptcy petition was filed and is not eligible for bankruptcy relief, where *corporate existence was suspended 3 years earlier, and 3–year period during which debtor could have wound down prior to ceasing its limited existence had expired,* and debtor was not empowered under state law as of petition date to continue business affairs.

9 Am.Jur.2d. *Bankruptcy* § 35 (Supp.1999) (emphasis added).

Finally, as to the enforceability of multiple statutes, American Jurisprudence states:

> It may be presumed to have been the intention of the legislature that all its

enactments which are not repealed should be given effect. Accordingly, all statutes should be construed, if possible, by a fair and reasonable interpretation, as to give full force and effect to each and all of them. In conformity with this principal, it is not to be assumed that one or the other related statutes is meaningless; rather, such statutes will be so construed as to give each a field of operation.

*Id.* at 73 AM.JUR.2D *Statutes* § 253 (1974).

Lutz's argument that the Tex. Bus. Corp. Act is inapplicable appears to be incorrect. First, the two statutes at issue—the Tex. Tax Code and the Tex. Bus. Corp. Act, serve entirely different purposes. Second, the definition of dissolution under the Act, Art. 7.12 includes a corporation whose charter is forfeited pursuant to the Tex. Tax Code.

■ The Tex. Tax Code provisions and the Tex. Bus. Corp. Act dissolution provisions are consistent with one another. The 1993 amendment of Tex. Bus.Corp. Act, Art. 7.12F(1)(e) and Tex. Tax Code § 171.251 and 252 can be harmoniously interpreted. Section 171.251 provides that the state Comptroller shall forfeit a corporation's privileges upon which the franchise tax is imposed if a franchise tax report is not filed or fee paid. In such event, per § 17.252, those privileges forfeited are the corporation's right to sue or defend in a court in this state [2] and each corporate officer or director is liable for the corporate debts. This occurred to ABZ on October 15, 1997.

■ A Texas corporation is not dissolved until one of the events in 7.12F(1) of the Tex. Bus. Corp. Act occurs, one of which is forfeiture of a corporation's charter by the Secretary of State pursuant to the Tax Code.

■ From October 15, 1997 to February 17, 1998, ABZ was limited as provided in Tex. Tax Code § 171.252. Under § 171.251–252, the Comptroller had forfeited the corporation's privileges on October 15, 1997. This forfeiture was certified to the Secretary of State within 120 days per Tex. Tax Code § 171.302. The Secretary of State on February 18, 1998 forfeited ABZ's charter per Tex. Tax Code § 171.309, et seq. The effect of this charter forfeiture was to bring into play ABZ's dissolution under Tex. Bus.Corp.Act, Art. 7.12F(1)(e). *See also* Tex. Bus.Corp.Act, Art. 7.01B(1). Such dissolution gave ABZ limited rights under 7.12, including (a)(1)-(4) quoted above and 7.12C.

Did 7.12(a)(1)(3) and 7.12C revive the right of ABZ to sue or defend in a Texas court as to liquidate or distribute its assets under Article 604A(3) and (4) of the Tex. Bus.Corp.Act? It appears so, because how otherwise could a corporation liquidate its assets to satisfy claims within the meaning of Tex. Bus.Corp.Act, Art. 7.12A(1)-(3) and (C).

Tex. Bus. Corp. Act Art. 6.04A(3) and (4) specifically provides:

(3) The corporation shall proceed to collect its assets, dispose of such of its properties as are not to be distributed in kind to its shareholders, pay, satisfy, or discharge all its debts, liabilities, and obligations, or make adequate provision for payment, satisfaction, or discharge thereof, and do all other acts required to liquidate its business and affairs, except that if the properties and assets of the corporation are not sufficient to pay, satisfy, or discharge all the corporation's debts, liabilities, and obligations, the corporation shall apply its properties and assets so far as they will go to the just and equitable payment, satisfaction, or discharge of its's debts, liabilities, and obligations or shall make adequate provision for such application. After paying, satisfying, or discharging all its

---

**2.** This has been previously interpreted to apply to Texas state and federal courts. *Farris*

*v. Sambo's Restaurants, Inc.,* 498 F.Supp. 143 (N.D.Tex.1980).

debts, liabilities, and obligations, or making adequate provision for payment, satisfaction, or discharge thereof, the corporation shall then distribute the remainder of its properties and assets, either in cash or kind, to its shareholders according to their respective rights and interests.

(4) The corporation, at any time during the liquidation of its business and affairs, may make application to any district court of this State in the county in which the registered office of the corporation is situated to have the liquidation continued under the supervision of such court as provided in this Act.

Tex. Bus.Corp.Act, Art. 7.12C provides in part:

If an action or proceeding on an existing claim by or against a dissolved corporation is brought before the expiration of the three-year period following the date of dissolution and such existing claim was not extinguished pursuant to Section D of this Article, the dissolved corporation shall continue to survive (1) for purposes of that action or proceeding until all judgements, orders, and decrees therein have been fully executed, and (2) for purposes of applying or distributing any properties or assets of the dissolved corporation as provided in Subsections (3) and (4) of Section A of Article 6.04 of this Act until such properties or assets are so applied or distributed.

Filing bankruptcy is the functional equivalent of an action under Tex. Bus.Corp.Act, Art. 604A(4) and appears to not be prohibited under Texas law.[3]

Lutz's Motion to Dismiss is overruled.

---

**3.** In another context, one Tex. Federal District Court was of the opinion that while a bankruptcy court could not dissolve a corporation, it could liquidate it. *In re Liberty Trust Co.,* 130 B.R. 467, 472, n. 11 (W.D.Tex. 1991).