**In the Matter of QUAD CITY MINORITY BROADCASTERS, INC., Debtor.**

**Bankruptcy No. 99–02184–CJ.**

United States Bankruptcy Court, S.D. Iowa.

April 11, 2000.

Jerrold Wanek, Des Moines, IA, for Debtor.

Thomas L. Flynn, Des Moines, IA, Chapter 7 Trustee.

Rex J. Ridenour, Davenport, IA, for Putbrese's.

John T. Flynn, Davenport, IA, for Severs's.

## RULING ON MOTION TO DISMISS CASE

LEE M. JACKWIG, Bankruptcy Judge.

On June 4, 1999 Petitioning Creditors Keith and Kelan Putbrese filed an involuntary chapter 7 petition against Quad City Minority Broadcasters, Inc. The alleged Debtor did not contest the petition. On July 30, 1999 the Court entered an order for relief.

On December 23, 1999 the Chapter 7 Debtor filed a motion to dismiss on the ground that it is not a "person" under 11 U.S.C. § 109 because it was administratively dissolved under Iowa law on September 13, 1996. The Putbreses and Creditors, Ted and Deanna Severs, object.

On April 6, 2000 the Court conducted a hearing on the controversy. The Court now enters this ruling consistent with its findings and conclusions stated on the record at the conclusion of the parties' arguments.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference entered by the U.S. District Court for the Southern District of Iowa. This is a core matter under 28 U.S.C. § 157(b)(2)(A) and (O).

## DISCUSSION

■ The Court may dismiss a chapter 7 case "only for cause." 11 U.S.C. § 707(a). The Debtor argues its status as an administratively dissolved "former" corporation is such cause. The objecting parties contend that bankruptcy liquidation is consistent with Iowa law that allows administratively dissolved corporations to sue and be sued and provides for their continued corporate existence to wind up their affairs. The Court agrees with the objecting parties.

11 U.S.C. § 303(a) provides that an involuntary case "may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced." Section 109(a) provides that "only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title." 11 U.S.C. § 101(41) includes "individual, partnership, and corporation" in the definition of "person." 11 U.S.C. § 101(9)(A) states that a "corporation" includes:

(i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

(ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;

(iii) joint-stock company;

(iv) unincorporated company or association; or

(v) business trust; ...

11 U.S.C. § 101(9)(A).[1]

■ "Dissolution does not necessarily preclude a corporation from eligibility for bankruptcy: The eligibility of a dissolved corporation for relief under the Bankruptcy Code depends on the continuing existence of the corporation after the dissolution under the applicable local law. Similarly, whether a corporation is subject to an involuntary petition depends upon the law of the state in which it was incorporated." *In re Ethanol Pacific, Inc.*, 166 B.R. 928, 930 (Bankr.D.Idaho 1994) (citations omitted). *See also In re Anderson*, 94 B.R. 153 (Bankr.W.D.Mo. 149, 150 (Bankr.N.D.Ohio 1990); *Matter of Tri–Angle Distributors, Inc.*, 102 B.R. 151, 152 (Bankr.N.D.Ind.1989).

**1.** Decisions that have treated dissolved corporations as "debtors" have found them to be "corporations" under section 101(9)(A)(i). *See, e.g. In re A–K Enterprises, Inc.*, 111 B.R.

1988) ("Courts have uniformly held ... that a voluntary or involuntary Chapter 7 petition may only be filed against a dissolved corporation that is still in existence."); *In re Liberal Mack Sales, Inc.* 24 B.R. 707 (Bankr.D.Kan.1982) (synthesizing the rule that "[a]n involuntary or a voluntary Chapter 7 petition may be filed against or by a dissolved corporation while the dissolved corporation is still in existence under state law."). "This rule of law is consistent with 11 U.S.C. § 303(a) which provides that an involuntary chapter 7 petition can be filed against a 'moneyed, business, or commercial corporation' if the corporation could have filed a voluntary chapter 7 petition." *Anderson,* 94 B.R. at 157 (citations omitted).

Local law controls because corporations are creatures of state law. Thus, if the result of dissolution is an end to the existence of the corporation, it "may be likened to the death of a natural person. There must be some statutory authority for the prolongation of its life, even for litigation purposes." *Chicago Title & Trust Co. v. Forty–One Thirty–Six Wilcox Bldg. Corp.,* 302 U.S. 120, 125, 58 S.Ct. 125, 82 L.Ed. 147 (1937) (holding that an Illinois corporation "was without corporate capacity to initiate any legal proceeding" including bankruptcy after the expiration of two years from the date of its dissolution under the Illinois statute).

Iowa Code § 490.1421(3) states that a corporation administratively dissolved continues its corporate existence.[2] Iowa Code § 490.1405(2)(e) expressly states that "dissolution of a corporation does not ... [p]revent commencement of a proceeding by or against the corporation in its corporate name."[3] *See Norwest Trans v. John*

---

2. Iowa Code section 490.1421 (Procedure for and effect of administrative dissolution) provides:

1. If the secretary of state determines that one or more grounds exist under section 490.1420 for dissolving a corporation, the secretary of state shall serve the corporation with written notice of the secretary of state's determination under section 490.504.

2. If the corporation does not correct each ground for dissolution or demonstrate to the reasonable satisfaction of the secretary of state that each ground determined by the secretary of state does not exist within sixty days after service of the notice is perfected under section 490.504, the secretary of state shall administratively dissolve the corporation by signing a certificate of dissolution that recites the ground or grounds for dissolution and its effective date. The secretary of state shall file the original of the certificate and serve a copy on the corporation under section 490.504.

3. A corporation administratively dissolved continues its corporate existence but shall not carry on any business except. that necessary to wind up and liquidate its business and affairs under section 490.1405 and notify claimants under sections 490.1406 and 490.1407.

4. The administrative dissolution of a corporation does not terminate the authority of its registered agent.

5. The secretary of state's administrative dissolution of a corporation pursuant to this section appoints the secretary of state the corporation's agent for service of process in any proceeding based on a cause of action which arose during the time the corporation was authorized to transact business in this state. Service of process on the secretary of state under this subsection is service on the corporation. Upon receipt of process, the secretary of state shall serve a copy of the process on the corporation as provided in section 490.504. This subsection does not preclude service on the corporation's registered agent, if any.

Iowa Code § 490.1421.

3. Iowa Code § 490.1405. (Effect of dissolution.) reads:

1. A dissolved corporation continues its corporate existence but shall not carry on any business except that appropriate to wind up and liquidate its business and affairs, including any of the following:

a. Collecting its assets.

b. Disposing of its properties that will not be distributed in kind to its shareholders.

c. Discharging or making provision for discharging its liabilities.

d. Distributing its remaining property among its shareholders according to their interests.

e. Doing every other act necessary to wind up and liquidate its business and affairs.

2. Dissolution of a corporation does not do any of the following:

*Morrell & Co.*, No. C 93–4032, 1994 WL 746060 at *5 n. 4 (N.D.Iowa Oct. 19, 1994) (ruling for the plaintiff on other grounds, the Court questioned defendant's proposition that administrative dissolution would bar a dissolved corporation from subsequently filing suit in light of Iowa Code §§ 490.1421(3) and 490.1405(2)(e)); *Boyer v. Miller Hatcheries*, 42 F.Supp. 135 (S.D.Iowa 1941), *reversed on other grounds* 131 F.2d 283 (8th Cir.1942) (holding that an employee could maintain an action against a corporate employer to recover the difference between wages paid to him and those provided by federal law notwithstanding corporate employer was dissolved before commencement of action).[4]

Most courts that have considered the pending issue under similar statutes have held that administratively dissolved corporations can be debtors in bankruptcy. *See In re McCullough and Co.*, 199 B.R. 179, 183 (Bankr.W.D.Mo.1996) (holding that a corporation in the process of liquidating after filing for voluntary dissolution under Missouri law could be subject to involuntary liquidation under chapter 7 even where petitioning creditors had not petitioned the state for reinstatement of the corporate charter); *Matter of Tri–Angle Distributors, Inc.*, 102 B.R. 151 (Bankr. N.D.Ind.1989) (holding that an administratively dissolved debtor may liquidate under chapter 7 without applying for reinstatement under Indiana law).[5] In *New Haven Radio, Inc. v. Meister (In re Martin–Trigona)*, 760 F.2d 1334 (2d Cir.1985), the Second Circuit heard an appeal by the sole stockholder of a dissolved corporation (also a radio station) from an order approving the sale of corporate assets. Although it was a voluntary case, the debtor objected that the court below had no jurisdiction, *inter alia*, because the corporation had been administratively dissolved. The court held that

> [n]othing in the Connecticut statute prohibits the corporation from electing the

---

a. Transfer title to the corporation's property.
b. Prevent transfer of its shares or securities, although the authorization to dissolve may provide for closing the corporation's share transfer records.
c. Subject its directors or officers to standards of conduct different from those prescribed in division VIII.
d. Change quorum or voting requirements for its board of directors or shareholders; change provisions for selection, resignation, or removal of its directors or officers or both; or change provisions for amending its bylaws.
e. Prevent commencement of a proceeding by or against the corporation in its corporate name.
f. Abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution.
g. Terminate the authority of the registered agent of the corporation.
Iowa Code § 490.1405.

4. "At common law, dissolution terminated the legal existence of a corporation. Once dissolved, the corporation could neither sue nor be sued, and all legal proceedings in which it was a party abated.... The reason usually given for the common law rule was Lord Coke's statement of the effects of dissolution:

> realty reverted to the donor, personalty escheated to the sovereign, and choses in action were extinguished with the death of the corporation. Thus, creditors were left without a defendant to sue." *Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 549–50 n. 5 (Tex. 1981) (citations omitted).

Although there is a general rule that statutes in derogation of the common law ought to be strictly construed, courts have generally given a broad reading to corporate survival statutes because they are remedial in nature. *See In re Morris*, 171 B.R. 999, 1007 (S.D.Ill. 1993) *aff'd Matter of Morris*, 30 F.3d 1578 (7th Cir.1994) (interpreting Iowa law); *Bishop v. Schield Bantam Co.*, 293 F.Supp. 94, 96 (N.D.Iowa 1968) ("Statutes relative to litigation against a dissolved corporation are liberally construed.").

5. Iowa code § 490.1422(1) permits administratively dissolved corporations to seek reinstatement within two years after the effective date of the dissolution. The Debtor attempted to apply for reinstatement but was unable to do so because of the passage of time. Instead, the Debtor's owner formed a new corporation by the same name on September 13, 1999. At the April 6, 2000 hearing, the Debtor's attorney represented that the new corporation had not conducted any business.

[bankruptcy] method of proceeding. To deny New Haven Radio, Inc. the benefits of reorganization or liquidation under the federal bankruptcy law would be contrary to the central purpose of the federal code. On the other hand, carrying out the liquidation of New Haven Radio, Inc. under the federal code is fully consistent with the plan and purpose of the Connecticut statute authorizing dissolution by forfeiture. In short, on this point, we hold that the filing by the Secretary of the State of a certificate of forfeiture which effected a dissolution of the debtor corporation on May 30, 1980, did not deprive the bankruptcy court of jurisdiction over the voluntary Chapter 11 reorganization proceeding filed in September 1980.

*Martin–Trigona*, 760 F.2d at 1342–43. *Compare Cedar Tide Corp. v. Chandler's Cove Inn, Ltd. (In re Cedar Tide Corp.)*, 859 F.2d 1127 (2d Cir.1988) (holding that an administratively dissolved corporation that was reinstated *nunc pro tunc* postpetition may reorganize under chapter 11 under New York law) *and In re Aurora Investments, Inc.*, 134 B.R. 982, 984–85 (Bankr.M.D.Fla.1991) (holding that an administratively dissolved debtor that had *reinstated* its corporate existence postpeti-

tion was eligible for chapter 11 relief under Florida law), *with In re A Car Rental, Inc.*, 166 B.R. 869 (Bankr.S.D.Tex.1993) (holding that a debtor, who forfeited its corporate charter under the Texas tax code more than three years prior to chapter 11 filing, was not empowered under state law to continue its business affairs following the three-year period of limited existence the Texas statute provides for a dissolved corporation to wind down and, therefore, was not "person" within meaning of the Bankruptcy Code on date of its petition).

As the *Tri–Angle* court observed in analyzing a similar statute under Indiana law, section 490.1405(1)'s list of acts that a dissolved corporation may undertake in winding up and liquidating is nonexhaustive. *See Tri–Angle*, 102 B.R. at 152. Conversely, the list of forbidden acts in section 490.1405(2) does not include filing for bankruptcy. *Tri–Angle*, 102 B.R. at 153. Finally, although Iowa Code § 490.1430(4) provides a method for a creditor to initiate state judicial action to dissolve and to liquidate a corporation or to continue a voluntary dissolution by state judicial means,[6] the statute does not forbid federal bankruptcy relief. *See Liberal*

---

**6.** Iowa Code § 490.1430 (Grounds for judicial dissolution) states:

The district court may dissolve a corporation in any of the following ways:

1. A proceeding by the attorney general, if it is established that either of the following apply:
   a. The corporation obtained its articles of incorporation through fraud.
   b. The corporation has continued to exceed or abuse the authority conferred upon it by law.
2. A proceeding by a shareholder if it is established that any of the following conditions exist:
   a. The directors are deadlocked in the management of the corporate affairs, the shareholders are unable to break the deadlock, and either irreparable injury to the corporation is threatened or being suffered, or the business and affairs of the corporation can no longer be conducted to the advantage of the shareholders generally, because of the deadlock.

b. The directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent.
c. The shareholders are deadlocked in voting power and have failed, for a period that includes at least two consecutive annual meeting dates, to elect successors to directors whose terms have expired.
d. The corporate assets are being misapplied or wasted.
3. A proceeding by a creditor if it is established that either of the following apply:
   a. The creditor's claim has been reduced to judgment, the execution on the judgment returned unsatisfied, and the corporation is insolvent.
   b. The corporation has admitted in writing that the creditor's claim is due and owing and the corporation is insolvent.
4. A proceeding by the corporation to have its voluntary dissolution continued under court supervision.

Iowa Code § 490.1430.

*Mack Sales,* 24 B.R. at 711–12 (setting forth reasoning as to why a similar Kansas statute provides only an alternative as opposed to exclusive remedy); *In re Luftek, Inc.,* 6 B.R. 539, 541–42 n. 3 (Bankr. E.D.N.Y.1980) (stating "bankruptcy liquidation is not inconsistent with continued existence under [the statute] for purposes of winding up the affairs of the corporation").

## CONCLUSION

WHEREFORE, the Court finds that a corporation administratively dissolved under Iowa law may be a chapter 7 debtor and, therefore, the motion to dismiss must be denied.

A separate Order shall be entered accordingly.