# NO. 12-18-00126-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LORD, LEWIS & COLEMAN, LLC,* *APPELLANTS* | *§* | *APPEAL FROM THE 3RD* |
| *V.* | | |
| | *§* | *JUDICIAL DISTRICT COURT* |
| *BELLACO, LLC, BOX CREEK* *TIMBER, LLC, AND JOHN D.* *RENFRO,* | | |
| *APPELLEES* | *§* | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Lord, Lewis & Coleman, LLC (Lord Lewis) appeals the trial court's summary judgment in favor of Bellaco, LLC, Box Creek Timber, LLC, and John Renfro. Lord Lewis argues that the trial court improperly applied Section 11.359 of the Texas Business Organizations Code (TBOC) by finding that Lord Lewis's claims against Appellees had been extinguished. We affirm.

### BACKGROUND

For several years prior to this litigation, Ray Lewis, a principal of Lord Lewis, worked for Renfro, the sole member of both Bellaco and Box Creek, as an agent locating timber tracts available for purchase and logging. Initially, Renfro paid Lewis a salary for his work, but over the course of their business relationship, the parties agreed that Lewis would forego a salary and the parties would split the net profits from each transaction equally. Lewis and Renfro entered into several timber transactions together over the years in accordance with this agreement; however, the agreement was never memorialized in writing.

In March 2010, Lord Lewis located 7,303 acres in Houston County, Texas called the "Malibu tract." Lord Lewis secured a letter of intent for the purchase of the property, presented the deal to Renfro, and offered to partner with him on the purchase and development of the land

on the same terms that Lewis and Renfro previously negotiated in their personal capacities. Specifically, Lord Lewis and Renfro agreed that (1) Renfro would provide financing for the Malibu tract and Lord Lewis would not secure financing from other sources or promote the tract to anyone else; (2) Lord Lewis would provide such services necessary for the determination of the acquisition price, timber evaluation and sales, and the ultimate development of the tract; and (3) profits would be split equally between Lord Lewis and Renfro. The terms of this agreement were not memorialized in writing.

Bellaco subsequently purchased the property. Lord Lewis performed services on the Malibu tract, including taking measurements to estimate the amount of standing timber. In December 2010, Bellaco sold portions of the Malibu tract to Renfro, Box Creek, and other third party entities.[1]

On December 1, 2014, Lord Lewis sued Appellees for a declaratory judgment and accounting, as well as claims for breach of fiduciary duty and breach of contract. In its petition, Lord Lewis claimed that Renfro did not inform Lord Lewis that he was selling portions of the Malibu tract and did not give Lord Lewis its share of the net profits from those sales.

Appellees moved for traditional summary judgment on grounds that Lord Lewis's claims were extinguished pursuant to Section 11.359 of the TBOC, because Lord Lewis's charter was forfeited for unpaid franchise taxes in January 2011, more than three years before Lord Lewis brought suit.[2] The trial court granted the motion, and this appeal followed.

## SUMMARY JUDGMENT

In its first of three issues, Lord Lewis argues that the trial court misapplied Section 11.359 of the TBOC in finding that its claims against Appellees were extinguished. Lord Lewis argues that it is not a "terminated entity" as that term is defined by the TBOC, and its claims against Appellees are not "existing claims" as that term was statutorily defined during the relevant time period.

---

[1] Lord Lewis originally sued Box Creek, LLC, however, it dismissed its claims against Box Creek with prejudice on April 25, 2017, therefore, Box Creek is not a party to this appeal.

[2] Prior to moving for summary judgment pursuant to Section 11.359, Appellees moved for traditional and no evidence summary judgment on grounds that Lord Lewis's claims were barred by the statute of frauds, but the trial court overruled their motion.

**Standard of Review and Applicable Law**

We review a trial court's summary judgment de novo. ***Travelers Ins. Co. v. Joachim***, 315 S.W.3d 860, 862 (Tex. 2010). A traditional motion for summary judgment is properly granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); ***Mann Frankfort Stein & Lipp v. Fielding***, 289 S.W.3d 844, 848 (Tex. 2009). When, as here, the material facts are not in dispute, the proprietary of the summary judgment is a question of law. ***Westcott Commc'ns, Inc. v. Strayhorn***, 104 S.W.3d 141, 145 (Tex. App.—Austin 2003, pet. denied).

Section 11.359(a) of the TBOC provides that "an existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the claim not later than the third anniversary of the date of the termination of the entity." TEX. BUS. ORGS. CODE ANN. § 11.359(a) (West 2012). A terminated entity is defined as a domestic entity the existence of which has been terminated in a manner authorized or required by the TBOC, unless the entity has been reinstated in the manner provided by the TBOC; or forfeited pursuant to the Tax Code, unless the forfeiture has been set aside. ***Id.*** § 11.001(4) (West Supp. 2018). A terminated filing entity means a terminated entity that is a filing entity. ***Id.*** § 11.001(5). An existing claim is one that existed before the entity's termination and is not barred by limitations; or a contractual obligation incurred after termination. ***Id.*** § 11.001(3).

**Analysis**

The material facts dispositive to this appeal are undisputed. Lord Lewis's charter was forfeited by the secretary of state on January 28, 2011, for failure to pay franchise taxes. Its claims against Appellees accrued, at the latest, on December 31, 2010. This lawsuit was filed on December 1, 2014, over three years after Lord Lewis's charter was forfeited. However, Lord Lewis argues that the trial court improperly granted summary judgment for Appellees because Lord Lewis's "existence" was not terminated as contemplated by Section 11.359.

To support this proposition, Lord Lewis cites to several cases holding that forfeiture of a corporation's charter does not extinguish the corporation as a legal entity so long as there is a statutory right to have the corporate charter reinstated. *See e.g.,* ***Lighthouse Church of Cloverleaf v. Tex. Bank***, 889 S.W.2d 595, 601 (Tex. App.—Houston [14th Dist.] 1994, writ denied). We are not persuaded that these cases support Lord Lewis's argument, because none of them discuss the definition of a "terminated entity" under Section 11.001(4)(B), nor do they analyze charter

3

forfeiture in the context of Section 11.359. TEX. BUS. ORGS. CODE ANN. §§ 11.001(4)(B); 11.359(a).[3] Further, Lord Lewis's argument essentially urges us to disregard the rules of statutory construction, which dictate that legislative intent is best expressed by the plain meaning of the statute's text, unless the plain meaning would lead to absurd results or a different meaning is supplied by legislative definition or is apparent from the context. *See City of Houston v. Bates*, 406 S.W.3d 539, 544 (Tex. 2013).

Here, the plain language of the statutes makes clear that an entity whose charter has been forfeited under the tax code is a terminated entity, unless the forfeiture has been set aside. TEX. BUS. ORGS. CODE ANN. § 11.001(4). Further, an existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the claim not later than the third anniversary of the date of the entity's termination. *Id.* § 11.359(a). The plain language of these statutes do not lead to absurd results, nor is a different meaning supplied by the context.

Moreover, our sister courts have held that entities whose charters are forfeited pursuant to the tax code are terminated entities subject to the three year survival period set forth in Section 11.359. *Atcco Mortgage, Inc. v. Beasley*, No. 11-14-00066-CV, 2016 WL 1274129, at *1 (Tex. App.—Eastland Mar. 31, 2016, no pet.) (mem. op.); *Cohen Acquisition Corp. v. EEPB, P.C.*, No. 14-14-00330-CV, 2015 WL 2404869, at *2 (Tex. App.—Houston [14th Dist.] May 19, 2015, pet. denied) (mem. op.). Furthermore, extinguished claims are not revived by the setting aside of the

---

[3] Some of the cases cited by Lord Lewis involved forfeitures of charters prior to the 1993 amendment to the Texas Business Corporations Act (TBCA), the predecessor to the TBOC. *See Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 601 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *McGowan v. Kittel*, 480 S.W.2d 47, 50 (Tex. Civ. App.—Fort Worth 1972, writ ref'd); *see also Regal Const. Co. v. Hansel*, 596 S.W.2d 150, 156 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). A corporation whose charter has been forfeited pursuant to the Texas Tax Code was added to the definition of "dissolved corporation" by the 1993 amendment to the TBCA *See* Act of May 7, 1993, 73d Leg., R.S., ch. 215, § 2.19, 1993 Tex. Gen. Laws 418, 457-58. The more recent cases cases cited by Lord Lewis rely on the aforementioned cases in their holdings. *See Hinkle v. Adams*, 74 S.W.3d 189, 193 (Tex. App.—Texarkana 2002, no pet.); *In re ABZ Ins. Services, Inc.*, 245 B.R. 255, 258 (Bankr. N.D. Tex. 2000); *see also Parker Cty.'s Squaw Creek Downs, L.P. v. Watson*, No. 02-08-00255-CV, 2009 WL 885941, at *6 (Tex. App.—Fort Worth Apr. 2, 2009, pet. denied) (mem. op.); *Ocram, Inc. v. Bartosh*, No. 01-11-00793-CV, 2012 WL 4740859, at *5 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.) (mem. op.); *Doucakis v. Speiser, Krause, Madole, P.C.*, No. 08-00-00296-CV, 2002 WL 1397155, at *5 (Tex. App.—El Paso June 27, 2002, pet. denied) (op.). In *Landrum v. Thundebird Speedway, Inc.*, the court recognized that *Lighthouse Church* and *McGowan* involved pre-1993 amendment forfeitures of charters, and held that under the express provisions of Article 7.12, Section F(1) of the TBCA, the forfeiture of Thunderbird's corporate charter also resulted in Thunderbird's dissolution under the law then in effect. 97 S.W.3d 756, 758 (Tex. App.—Dallas 2003, no pet.). The provisions of the TBOC applicable in this case are substantially similar to the now repealed TBCA. *Compare* TEX. BUS. ORGS. CODE ANN. §§ 11.001, 11.351–11.359, with Act of May 25, 1991, 72d Leg., R.S., ch. 901 § 39, 1991 Tex. Gen. Laws 3188–90 (Tex. Bus. Corp. Act art. 7.12), and Act of May 7, 1993, 73d Leg., R.S., ch. 215, § 2.19, 1993 Tex. Gen. Laws 457-58 (adding Article 7.12(F)(1)(e), which states that a dissolved corporation includes a corporation whose charter was forfeited pursuant to the Tax Code).

charter's forfeiture. ***Cohen***, 2015 WL 2404869, at \*3. Thus, Lord Lewis's claims were extinguished in December 2013, almost a year before suit was brought in December 2014.

Lord Lewis also argues that its claims do not qualify as "existing claims" under the TBOC, because in 2014, an existing claim was defined as "a claim against the entity that existed before the entity's termination and is not barred by limitations" or "a contractual obligation incurred after termination." *See* Act of May 13, 2003, 78th Leg, R.S., ch. 182, § 1, 2003 Gen. Laws 267, 391. Thus, Lord Lewis argues, claims *by* the entity were not extinguished under the prior law. Not only has this contention been rejected by our sister court in ***Atcco Mortgage***, but it is antithetical to the purpose of Section 11.359, a survival statute. 2016 WL 1274129, at \*2; ***Gomez v. Pasadena Health Care Mgmt., Inc.***, 246 S.W.3d 306, 315 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (noting that Article 7.12 of the Texas Business Corporations Act (TBCA) is a survival statue).[4] A survival statute gives life for a limited time to a right or claim that would have been destroyed entirely but for the statute, thus creating a right or claim that would not exist apart from the statute. ***Gomez***, 246 S.W.3d at 315-16. Therefore, under the previous definition of "existing claim," any claim by Lord Lewis would have been extinguished when its charter was forfeited. We agree with the court in ***Atcco***, that the legislature included in Section 11.359 suits against the terminated entity and by the terminated entity. ***Atcco***, 2016 WL 1274129, \*at 2; *see also* Tex. Bus. Orgs. Code Ann. § 11.359(a). Consequently, regardless of whether Lord Lewis's claims were "existing claims," they were extinguished prior to Lord Lewis's filing of this lawsuit. *See **Atcco***, 2016 WL 1274129, \*at 2; *see also **Gomez***, 246 S.W.3d at 315; Tex. Bus. Orgs. Code Ann. § 11.359(a).

For the foregoing reasons, we hold that the trial court correctly granted Appellees' motion for summary judgment. We overrule Lord Lewis's first issue and need not address its remaining issues.[5] *See* Tex. R. App. P. 47.1.

## CONCLUSION

Having overruled Appellant's first issue, we ***affirm*** the trial court's judgment.

---

[4] Article 7.12 of the TBCA is substantially similar to Section 11.359 of the TBOC. *Compare* Tex. Bus. Orgs. Code Ann. §11.359, with Act of May 25, 1991, 72d Leg., R.S., ch. 901 § 39, 1991 Tex. Gen. Laws 3188–90 (Article 7.12).

[5] Lord Lewis's second and third issues address whether the statute of frauds precluded its claims and whether the evidence raises a fact issue regarding whether Lord Lewis and Bellaco were general partners.

**BRIAN HOYLE**
Justice

Opinion delivered March 12, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 12, 2019**

**NO. 12-18-00126-CV**

**LORD, LEWIS & COLEMAN, LLC,**
Appellants
V.
**BELLACO, LLC, BOX CREEK TIMBER, LLC, AND JOHN D. RENFRO,**
Appellees

Appeal from the 3rd District Court

of Houston County, Texas (Tr.Ct.No. 14-0227)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **LORD, LEWIS & COLEMAN, LLC,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*